[No. B128650. Second Dist., Div. Three. Apr. 27, 2000.]

CHRISTINA DAVIS, Plaintiff and Appellant, v.
MELODY MARIN, Defendant and Respondent.

## COUNSEL

Law Offices of Lee Arter and Lee Arter for Plaintiff and Appellant.

Law Offices of Richard G. Reinjohn and Steven D. Hunt for Defendant and Respondent.

## OPINION

## ALDRICH, J.—

### INTRODUCTION

Plaintiff and appellant Christina Davis appeals from the summary judgment entered in favor of defendant and respondent Melody Marin, D.C. The issue on appeal is whether Dr. Marin was timely added as a defendant in the lawsuit. Concluding she was timely added as a defendant, we reverse the summary judgment.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

### 1. *Prelitigation events.*

On December 6, 1996, Davis suffered multiple burns to her back when Dr. Marin, a chiropractor, utilized a muscle stimulator machine during a course of chiropractic treatment.

On December 7, 1996, Davis told Dr. Marin about the burns.

Davis decided to bring a lawsuit two or three days after she was burned. Davis contacted the law offices of Lee Arter to represent her. Attorney Arter's firm was retained and conducted an investigation in an attempt to determine whether the machine was defective, whether there was negligent maintenance of the machine, or whether the cause of the burns was due to Dr. Marin's medical malpractice.

On December 10, 1996, Davis returned to Dr. Marin's office. Davis showed Dr. Marin the burns. Dr. Marin did not respond to Davis's questions about whether the injuries were caused by the machine or something Dr. Marin did wrong. Davis knew that she had been burned when the machine was used by Dr. Marin.

On December 27, 1996, Attorney Arter informed Dr. Marin of his representation of Davis and asked Dr. Marin to provide the name of her insurance carrier. Dr. Marin responded that she was insured by Fremont Indemnity.

Between February 1997 and June 1997 there were communications between Attorney Arter's office and Fremont Indemnity.

---

[1]Since the matter comes to us upon the granting of a summary judgment motion, we view the facts in the light most favorable to Davis, the party who opposed the motion. (*PMC, Inc. v. Saban Entertainment, Inc.* (1996) 45 Cal.App.4th 579, 590 [52 Cal.Rptr.2d 877].)

On December 1, 1997, Attorney Arter sent to Dr. Marin, by certified mail, return receipt requested, a notification pursuant to Code of Civil Procedure section 364 that legal action was to be commenced by Davis against Dr. Marin as a result of the negligent treatment rendered by Dr. Marin.

### 2. *The pleadings.*

On December 2, 1997, Attorney Arter filed a complaint on behalf of Davis in the Los Angeles Superior Court. The complaint was identified as a complaint for products liability and medical malpractice. The form complaint stated that "[t]he following causes of action are attached . . . [g]eneral [n]egligence [and] [p]roducts [l]iability." The first cause of action for products liability named "Doe Manufacturer" as the defendant. It alleged that on December 6, 1996, Davis was injured by a muscle stimulator. The general negligence cause of action stated that "Does 101 to 200 . . . negligently placed a muscle stimulator onto the plaintiff thereby causing burns to the plaintiff. . . . Said negligence was the cause of [the] harm to the plaintiff and defendants owed a duty to the plaintiff to ensure that the muscle stimulator was safely used on the plaintiff."

On February 24, 1998, an amendment to the complaint was filed. It named Dr. Marin as Doe 101.

A first amended complaint was filed on March 26, 1998. This complaint stated it was for general negligence, products liability, and chiropractic malpractice. It named as defendants, Doe manufacturer, Dr. Marin, and Doe defendants.

### 3. *The summary judgment.*

Dr. Marin filed a motion for summary judgment alleging that the action against her was barred by the statute of limitations. (Code Civ. Proc., § 340.5.) Citing Code of Civil Procedure section 474, Dr. Marin argued that the February 24, 1998, amendment to the complaint was untimely because when the December 2, 1997, complaint was filed, Davis knew of the existence of Dr. Marin as a defendant. Thus, Dr. Marin argued, the amendment did not relate back and the statute of limitations had expired with regard to Dr. Marin.

Dr. Marin also argued the 90-day extension provision of Code of Civil Procedure section 364 did not apply because by its terms it was inapplicable to any defendant whose name was unknown to plaintiff and who was identified by a fictitious name.

In her opposition to the summary judgment motion, Davis argued that the one-year statute of limitations against Dr. Marin was tolled pursuant to Code of Civil Procedure section 364, and thus, the lawsuit against Dr. Marin was timely.

The trial court granted Dr. Marin's summary judgment motion.

Judgment was entered in favor of Dr. Marin, from which Davis appeals. We reverse.

## DISCUSSION

### 1. Burden of proof—summary judgment.

"Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding." (Code Civ. Proc., § 437c, subd. (a).) "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether the papers show that there is no triable issue as to any material fact the court shall consider all of the evidence . . . and all inferences reasonably deducible from the evidence, except summary judgment shall not be granted . . . on inferences reasonably deducible from the evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any material fact." (Code Civ. Proc., § 437c, subd. (c); *PMC, Inc. v. Saban Entertainment, Inc., supra,* 45 Cal.App.4th at p. 590.)

### 2. Dr. Marin was timely brought into the lawsuit.

 Davis argues Dr. Marin was timely brought into the lawsuit pursuant to Code of Civil Procedure section 364. She asserts that under this statute, she had up to the first week of March 1998 to file a timely complaint against Dr. Marin. Davis argues she met this requirement by filing the February 24, 1998, amendment. This argument is persuasive.[2]

We first note that there is some confusion as to the substance of the December 2, 1997, complaint. While the December 2, 1997, complaint is not the model of perfect pleading and might need additional factual allegations,

---

[2]Davis does not suggest that the March 26, 1998, amended complaint affects the analysis.

it did include a malpractice claim.[3] The caption identified the complaint as a complaint for "product liability [and] medical malprac[tice.]" The factual allegations included assertions of medical malpractice by stating, "Does 101 to 200 . . . negligently placed a muscle stimulator onto the plaintiff thereby causing burns to the plaintiff. . . . Said negligence was the cause of [the] harm to the plaintiff and defendants owed a duty to the plaintiff to ensure that the muscle stimulator was safely used on the plaintiff."

We also note that there can be no question as to the accrual of the statute of limitations. "Under section 340.5, a medical malpractice action must be brought within three years after the date of injury or one year after the plaintiff discovered or should have discovered the injury, whichever occurs first. [Citation.] The term 'injury,' as used in section 340.5, means both a person's physical condition and its negligent cause. [Citation.]" (*Hazel v. Hewlett* (1988) 201 Cal.App.3d 1458, 1463 [247 Cal.Rptr. 723].) We agree with Dr. Marin that the statute of limitations accrued either on the date Davis was injured (Dec. 6, 1996) or shortly thereafter. By that time, Davis had suspicion of wrongdoing. (*Kleefeld v. Superior Court* (1994) 25 Cal.App.4th 1680, 1684 [31 Cal.Rptr.2d 12] [" '[R]egardless of extenuating circumstances, the patient must bring his suit within one year after he discovers, or should have discovered, his "injury." ' "].)

We now turn to the merits of the arguments.

As part of the Medical Injury Compensation Reform Act, attorneys are required to file a notice of intent to sue with health care providers before an action may be commenced against such providers for professional negligence. (Code Civ. Proc., § 364; *Woods v. Young* (1991) 53 Cal.3d 315, 320 [279 Cal.Rptr. 613, 807 P.2d 455].) Subdivision (a) of Code of Civil Procedure section 364 states: "No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action."[4] Subdivision (d) of section 364 states, "If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice." The net effect of these provisions is to toll the statute of limitations in professional medical malpractice cases by 90 days when the notice to sue is given in the last 90 days of the limitation period. (*Woods v.*

---

[3]We are not called upon to evaluate the sufficiency of the factual allegations contained in the complaint.

[4]The failure to give the 90-day notice required by Code of Civil Procedure section 364 does not invalidate any proceeding. If no notice is given, the attorney who fails to comply with the notice requirement may be subject to disciplinary proceedings by the State Bar of California. (Code Civ. Proc., § 365.)

*Young, supra,* 53 Cal.3d at p. 328; *Russell v. Stanford University Hospital* (1997) 15 Cal.4th 783, 785 [64 Cal.Rptr.2d 97, 937 P.2d 640].)

Here, Davis served Dr. Marin with a section 364 notice on December 1, 1997. This service effectively extended the statute of limitations against Dr. Marin until 90 days thereafter. The amendment to the complaint identifying Dr. Marin as Doe 101 was filed on February 24, 1998. This amendment was filed prior to the expiration of the statute of limitations and brought Dr. Marin into the lawsuit in a timely fashion.

Citing subdivision (e) of Code of Civil Procedure section 364, Dr. Marin argues that the statute was not extended. This argument is not persuasive.

Subdivision (e) of Code of Civil Procedure section 364 states that "[t]he provisions of this section shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name, as provided in [Code of Civil Procedure] Section 474." Subdivision (e) states the obvious. If a defendant is *not* known at the time the complaint is filed, no section 364 notice to that defendant is required. It also "means that the 90-day notice need not be given to Doe defendants before amending the complaint to name them . . . ." (*Hazel v. Hewlett, supra,* 201 Cal.App.3d at p. 1464.)

Here, contrary to Dr. Marin's suggestion, the statute of limitations was tolled by 90 days because the Code of Civil Procedure section 364 notice was given to Dr. Marin, a known defendant.

Dr. Marin also argues that the amendment was not proper under Code of Civil Procedure section 474. This argument was erroneously accepted by the trial court.

█ Code of Civil Procedure section 474 permits a plaintiff to amend complaints by adding parties as Doe defendants "[w]hen the plaintiff is ignorant of the name of a defendant" at the time the complaint is filed.[5] "The purpose of section 474 is to enable a plaintiff to avoid the bar of the statute of limitations when he [or she] is ignorant of the identity of the defendant." (*Olden v. Hatchell* (1984) 154 Cal.App.3d 1032, 1037 [201 Cal.Rptr. 715].) █ The cases discussing section 474 deal with whether the plaintiff was truly ignorant of the identity of the person brought into the case as a

---

[5]Code of Civil Procedure section 474 provides in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . ."

Doe defendant because if that requirement is met, the amendment to the complaint relates back to the date the complaint was filed and the statute of limitations is preserved. (*Parker v. Robert E. McKee, Inc.* (1992) 3 Cal.App.4th 512, 514 [4 Cal.Rptr.2d 347]; *Balon v. Drost* (1993) 20 Cal.App.4th 483 [25 Cal.Rptr.2d 12]; *Hazel v. Hewlett, supra,* 201 Cal.App.3d 1458; *Munoz v. Purdy* (1979) 91 Cal.App.3d 942 [154 Cal.Rptr. 472].) For example, in *Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176 [89 Cal.Rptr.2d 20], the court stated: "If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed. [Citation.]"

However, Dr. Marin has cited no case which demands the same analytical approach be utilized when the statute of limitations has not expired. Dr. Marin was added to the lawsuit as a defendant *prior* to the expiration of the statute of limitations since the amendment to the complaint was filed within 90 days of the December 1, 1997, section 364 notice. The question of whether or not the amendment "related back" to the date the complaint was filed was irrelevant.

As Davis notes, she could have filed an *amended complaint* naming Dr. Marin as a defendant, rather than an *amendment to* the complaint. Had this been done, the trial court would not have inquired as to whether or not Dr. Marin's identity was known to Davis. Such an inquiry, and the analysis used under Code of Civil Procedure section 474, would have been irrelevant. (*Garrison v. Board of Directors* (1995) 36 Cal.App.4th 1670, 1677 [43 Cal.Rptr.2d 214] [courts liberally examine if amendments are permitted to avoid harsh results of statute of limitations].) There is no reason to treat Davis's amendment to the complaint any differently than we would have treated an amended complaint naming Dr. Marin as a defendant. To do so would elevate form over substance and would ignore common sense.

The judgment is reversed. Costs on appeal are awarded to Davis.

Croskey, Acting P. J., and Kitching, J., concurred.