Filed 10/29/13  Zong v. McClanahan CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ZHEN JIANG ZONG et al., | B243528 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. CG043452) |
| v. | |
| JERRY NELSON McCLANAHAN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. C. Edward Simpson, Judge.  Affirmed.

Law Offices of Shin P. Yang, Shin P. Yang and Frank Carleo for Plaintiffs and Appellants.

Hager Dowling Lim & Slack, John V. Hager and Christine W. Chambers for Defendant and Respondent.

———————————

This appeal arises out of an April 28, 2008, three-vehicle automobile accident. Jerry Nelson McClanahan (McClanahan) was driving the vehicle behind Zhen Jiang Zong (Zong),[1] who was stopped at a traffic signal, when Richard Cambonga (Cambonga) rear-ended McClanahan. In 2009, Zong filed suit against the County of Los Angeles (the County), alleging that negligent traffic signal maintenance was the cause of the accident. In August 2010, Zong filed a Doe amendment, naming McClanahan in his lawsuit. McClanahan filed a motion for judgment on the pleadings, arguing that the Doe amendment was untimely as having been filed more than two years after the accident. The trial court granted McClanahan's motion and entered judgment in his favor.

Zong then filed a motion for a new trial, arguing that he was insane as a result of the April 2008 accident. According to Zong, this newly discovered evidence warranted a new trial. (Code Civ. Proc., § 657.)[2] Moreover, his Doe amendment was timely because he was unaware of McClanahan's liability until July 2010. And, in any event, his insanity suspended the statute of limitations. The trial court denied Zong's motion for a new trial, and he now appeals.

We conclude that the trial court did not err in denying Zong's motion for a new trial. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Accident*

On April 28, 2008, Zong was driving his vehicle and was stopped at the intersection of Temple City Boulevard and Broadway. McClanahan was driving the vehicle behind Zong. While Zong was stopped, his vehicle was impacted from the rear by McClanahan's vehicle. Then and now, McClanahan claims that while he was waiting for Zong to begin moving forward, his vehicle was struck from the rear by a car driven by

---

[1]    The record contains two alternate spellings of his name—Zong and Zhong. We use the spelling used by the parties in the briefs.

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

Cambonga. The impact pushed McClanahan's stopped vehicle into the rear of Zong's vehicle. A police report prepared that day confirms the parties' identities and sets forth their statements regarding what caused the accident.

*Zong Demands Payment from McClanahan's Insurer*

On at least two occasions, Zong attempted to obtain monies from McClanahan's insurer, Mercury Insurance Company (Mercury): (1) On September 2, 2008, Zong's counsel sent a letter to Mercury, advising that "[b]ased upon the investigation performed by [his] office to date, it has been determined that your insured was at fault for causing the incident." (2) On August 5, 2009, Zong's counsel sent another letter to Mercury, stating that Zong's vehicle "was struck from behind by a [vehicle] owned and operated by your insured. . . . [¶] While it is acknowledged that Cambonga may ultimately bear the majority of liability in this matter, it is our position that you[r] insured bears some degree of fault for the collision for following too closely and failure to keep a proper and safe lookout for traffic conditions."

*Complaint*

On July 27, 2009, Zong and his wife filed the instant action against the County and Does 1 through 100. The complaint contains two causes of action: public entity liability, based upon an allegedly malfunctioning traffic signal, and loss of consortium. The County filed a cross-complaint for indemnity against Cambonga and McClanahan.

*Cambonga's Responses to Form Interrogatories*

On July 21, 2010, Cambonga served his responses to form interrogatories propounded by the County. At that point, Zong claims he discovered, for the first time, facts implicating McClanahan in the cause of the accident.[3]

---

[3]    According to Cambonga, McClanahan was not just stopped behind Zong at the traffic signal; rather, McClanahan allegedly was attempting an abrupt lane change when Cambonga's vehicle hit McClanahan's vehicle, which then struck Zong's vehicle.

*Doe Amendment*

On August 18, 2010, Zong filed and served an amendment to complaint (fictitious/incorrect name), substituting McClanahan for Doe 1.

*McClanahan's Motion for Judgment on the Pleadings*

Upon receipt of the complaint and Doe amendment, McClanahan filed a motion for judgment on the pleadings on the ground that the only cause of action in the complaint alleged public entity liability.  The trial court granted McClanahan's motion with leave to amend.

*Zong's First Amended Complaint; McClanahan's Answer*

On September 15, 2011, Zong filed a first amended complaint, alleging negligence against McClanahan.  McClanahan filed an answer, asserting the statute of limitations as an affirmative defense.

*Argument on Statute of Limitations; Judgment for McClanahan*

Later in the litigation, the parties briefed the question of whether the action had been timely filed against McClanahan.  At issue was whether the Doe amendment had been timely filed—McClanahan argued that because Zong knew of McClanahan's identity within a month of the accident, but did not name him as a defendant until more than two years later, the amendment was not timely.  Zong argued that the amendment was timely because he was unaware of McClanahan's liability (namely, the facts giving rise to a cause of action against McClanahan) until he received Cambonga's responses to form interrogatories.

After entertaining oral argument, the trial court awarded McClanahan judgment on the pleadings.  It found that the statute of limitations had run when McClanahan was added as a Doe defendant on August 18, 2010, and that Zong did not meet the section 474 requirement that he was ignorant of McClanahan's name before filing that amendment.  Judgment in favor of McClanahan was entered.

4

*Zong's Motion for New Trial*

Zong then filed a motion for new trial. He argued that he had been "mentally and physically incapable of caring for himself, caring for his property or transacting business or understanding the nature or effects of his acts ever since April 28, 2008 when his vehicle was struck at rear by [McClanahan] and the accident rendered him [unconscious]." In support, Zong offered two expert declarations, from Dr. Michael Gold and Dr. Chadwick F. Smith, both of whom opined that Zong had been impaired since the date of the accident. Thus, the jury needed to determine whether Zong was insane, and he was entitled to a new trial.

McClanahan opposed Zong's motion.

On August 13, 2012, the trial court denied Zong's motion for a new trial, reasoning: "Plaintiff claims to have been insane at the time the cause of action occurred. That alleged fact has been in existence since the date of his accident. It is not a new fact. At best it is an existing fact recently discovered. There has been no showing why, with reasonable diligence, it could not have been discovered sooner. [¶] Additionally, the court's jurisdiction to rule on the motion for a new trial expired on Friday, August 10, 2012. The court's previous calculation was in error."

*Appeal*

Zong's timely appeal ensued.

## DISCUSSION

I. *Zong's alleged incapacity is not newly discovered evidence*

According to his notice of intention to move for a new trial, Zong sought a new trial on the following grounds: (1) irregularities in the proceedings; (2) certain trial court orders denied Zong and his wife a fair trial; (3) accident and surprise; (4) newly discovered evidence; and (5) insufficient evidence. His memorandum of points and authorities only argues that because Zong became incapacitated as a result of the automobile accident, the statute of limitations was suspended. On appeal, Zong argues that he was entitled to a new trial based upon newly discovered medical evidence. Our analysis tracks the argument raised on appeal.

5

Section 657, subdivision (4), provides, in relevant part: "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: [¶] . . . [¶] 4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial."

We review for abuse of discretion the denial of a new trial motion based on newly discovered evidence, keeping in mind that we review the entire record to make an independent determination as to whether the alleged error was prejudicial. (*Sherman v. Kinetic Concepts, Inc.* (1998) 67 Cal.App.4th 1152, 1160–1161.)

A trial court may grant a new trial motion based on newly discovered evidence if the moving party has shown that the evidence is newly discovered, the party used reasonable diligence in discovering the evidence, and the evidence is material to the party's case. (§ 657, subd. (4); *Sherman v. Kinetic Concepts, Inc.*, *supra*, 67 Cal.App.4th at p. 1161; *Wood v. Jamison* (2008) 167 Cal.App.4th 156, 161.)

As the trial court's order aptly makes clear, Zong's alleged insanity was not newly discovered evidence warranting a new trial. According to the supporting declarations of Dr. Gold and Dr. Smith, "Zong [had] been impaired since the accident that occurred on April 28, 2008." Since Zong had been impaired since the time of the automobile collision, his claimed incapacity is not a new fact.

At best Zong's alleged insanity or incapacity was an existing fact recently discovered. But, Zong does not explain why, with reasonable diligence, he could not have discovered that fact sooner.

It follows that the trial court did not err in denying Zong's motion for new trial.

II. *McClanahan's involvement in the accident*

Even if Zong's incapacity is deemed a new fact, the motion for a new trial still should not have been granted as Zong's claims against McClanahan are untimely. Personal injury actions are subject to a two-year statute of limitations. (§ 335.1.) The

accident occurred on April 28, 2008, so Zong had until April 28, 2010, to file his action against McClanahan. Because he did not file a Doe amendment naming McClanahan as a defendant until August 18, 2010, his claims against McClanahan are time-barred; the statute of limitations had run.

In urging us to reverse, Zong argues that pursuant to section 474, his Doe amendment was timely. We cannot agree. Section 474 provides, in relevant part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly." "'The purpose of section 474 is to enable a plaintiff to avoid the bar of the statute of limitations when he [or she] is ignorant of the identity of the defendant' [Citation.] The cases discussing section 474 deal with whether the plaintiff was truly ignorant of the identity of the person brought into the case as a Doe defendant because if that requirement is met, the amendment to the complaint relates back to the date the complaint was filed and the statute of limitations is preserved." (*Davis v. Marin* (2000) 80 Cal.App.4th 380, 386–387.)

Substantial evidence supports the trial court's findings that the statute of limitations had run when McClanahan was added as a Doe defendant and that Zong did not meet the section 474 ignorance requirement. (*Balon v. Drost* (1993) 20 Cal.App.4th 483, 487.) Zong knew of McClanahan's identity well before he filed his Doe amendment. McClanahan is identified in the police report on the date of the accident. He was also named in the County's cross-complaint, which was served on Zong on December 29, 2009. Zong cannot claim he was unaware of McClanahan's identity until August 2010.

Zong asserts that his Doe amendment was timely because he was unaware of McClanahan's fault in the accident until he received Cambonga's responses to the County's interrogatories in July 2010. But that is not the standard under section 474. A "plaintiff is 'ignorant' within the meaning of the statute if he lacks knowledge of that person's connection with the case or with his injuries." (*General Motors Corp. v.*

7

*Superior Court* (1996) 48 Cal.App.4th 580, 594.)  Here, there is ample evidence that Zong was well-aware of McClanahan's connection with this case and/or Zong's injuries back in 2008 and 2009, as evidenced by his attorney's demand letters to McClanahan's insurer.  It follows that the trial court's judgment must remain undisturbed.

## DISPOSITION

The judgment is affirmed.  McClanahan is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, Acting P. J.
       ASHMANN-GERST

We concur:

_____, J.
      CHAVEZ

_____, J.*
      FERNS

---

*    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.