Filed 8/25/14  Zulli v. Moghimi CA2/6
NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BRIAN ZULLI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ROBERT MOGHIMI, M.D.,<br><br>    Defendant and Respondent. | 2d Civil No. B253429<br>(Super. Ct. No. 56-2011-402117-<br>CU-MM-SIM)<br>(Ventura County) |

    Brian Zulli, proceeding in propria persona, appeals from the trial court's order striking his "second amended complaint as to [respondent] Robert Moghimi[,] MD."[1]  The 202-page complaint consisted of 11 causes of action, all of which arose from the death of appellant's mother.  Appellant alleged that her death was due to medical malpractice.

    The second amended complaint originally named respondent as one among many defendants.  The trial court dismissed the complaint as to respondent without prejudice.  The motion to strike was granted after appellant had amended the second amended complaint to add respondent as a "Doe" defendant.  Appellant contends that the trial court erred because the previous dismissal was without prejudice.

_____

[1] The order is appealable.  (*Timberidge Enterprises, Inc. v. City of Santa Rosa* (1978) 86 Cal.App.3d 873, 878; *Adohr Milk Farms, Inc. v. Love* (1967) 255 Cal.App.2d 366, 369-370.)

Because appellant's opening brief completely fails to comply with the rules of appellate procedure (rules), we deem the appeal to be abandoned and dismiss it. This is the third time that we have dismissed an appeal filed by appellant for failure to comply with the rules. Last year we dismissed the appeal in *Zulli v. Graham* (June 27, 2013, Ventura Super. Ct. No. 56-2011-00402116-CU-MM-SIM) B242729. This year we dismissed the appeal in *Zulli v. Ghanem* (June 5, 2014, Ventura Super. Ct. No. 56-2011-00402117-CU-MM-SIM) B250328. We judicially notice both the *Graham* and *Ghanem* opinions. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1530, fn. 7.)

### Procedural Facts

The original complaint, which named respondent as a defendant, was filed on August 12, 2011. In October 2012 the second amended complaint, also naming respondent as a defendant, was dismissed as to respondent without prejudice. The dismissal order is not included in the record on appeal. According to a minute order of December 4, 2013, the dismissal was for appellant's "failure to file a proof of service." On June 21, 2013, appellant amended the second amended complaint to add respondent as a "Doe" defendant.

Respondent demurred to the second amended complaint. The court did not rule on the demurrer. Pursuant to Code of Civil Procedure sections 435 and 436, respondent filed a motion to strike the amendment naming him as a Doe defendant.[2] In granting the motion, the trial court reasoned: "A Doe amendment may be used, per [section] 474, when the plaintiff is truly ignorant of the name of the Defendant. In this instance, [appellant] was not ignorant of the name of [respondent] as [he] was named in the original complaint filed on 8-12-11. After the dismissal [as to respondent in October 2012, appellant] may not now bring [him] in by way of a Doe amendment."

### Standard of Review

"An order striking all or part of a pleading under Code of Civil Procedure section 435 et seq. is reviewed for abuse of discretion. [Citation.] This means that the reviewing court

---

[2] All further statutory references are to the Code of Civil Procedure.

2

will disturb the ruling only upon a showing of a 'clear case of abuse' and a 'miscarriage of justice.' [Citation.] Discretion is abused only when, in its exercise, the trial court 'exceed[ed] the bounds of reason, all of the circumstances before it being considered.' [Citation.]" (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1282.)

*Rules of Appellate Procedure*

" 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) "Hence, conclusory claims of error will fail." (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

The California Rules of Court provide: "An appellant's opening brief must . . . [p]rovide a summary of the significant facts limited to matters in the record." (*Id*., rule 8.204(a)(2)(C).) Each factual reference must be supported "by a citation to the volume and page number of the record where the matter appears." (*Id*., rule 8.204(a)(1)(C).)

"[Appellant] is not exempt from the foregoing rules because he is representing himself on appeal in propria persona. Under the law, a party may choose to act as his or her own attorney. [Citation.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure. [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

*Discussion*

Appellant's opening brief completely fails to comply with the rules. Appellant omits a summary of the significant procedural facts with supporting citations to the record. His argument consists of conclusory allegations without any factual or legal analysis.

3

"We are not required to search the record to ascertain whether it contains support for [appellant's] contentions. [Citation.] . . . [¶] . . . [I]t is not this court's function to serve as [appellant's] backup appellate counsel." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546; see also *In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 830 ["We are not bound to develop appellants' arguments for them"]; *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 ["One cannot simply say the [trial] court erred, and leave it up to the appellate court to figure out why"].)

In a similar situation in *Berger v. Godden* (1985)163 Cal.App.3d 1113, the court concluded: "[I]t is appropriate . . . to deem the appeal abandoned and to dismiss it. . . . Appellant's [opening] brief . . . simply failed to make any arguments to support any theory of error." (*Id.*, at p. 1120, fn. omitted.) The court continued: "[A]ppellant's failure to present any pertinent or intelligible legal argument in his opening brief constitutes an abandonment of the appeal . . . . In this circumstance, dismissal of the appeal, with no consideration on the merits as to the correctness of the judgment . . . from which the appeal is taken, is the proper disposition." (*Ibid.*)

In *Berger* the original opening brief was struck for failure to comply with the rules. The appellate court deemed the appeal to be abandoned after the second brief also failed to comply with the rules. Here, on the other hand, there is no second brief because appellant's opening brief was not struck. But this is a distinction without a difference. The *Berger* court's holding is not limited to second briefs: "[W]e . . . hold that failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1119.) The *Berger* court noted: "Although we are considering a second brief in this case, we know of nothing to preclude an appeal from being deemed abandoned by virtue of an initial brief's failure to present pertinent or comprehensible argument." (*Id.*, at p. 1120, fn. 7.)

In view of our dismissal of appellant's previous appeals in *Zulli v. Graham*, *supra*, and *Zulli v. Ghanem*, *supra*, for failure to comply with the rules, it is particularly appropriate for us to exercise our discretion to dismiss the instant appeal for the same reason. In

4

*Graham* and *Zulli* appellant was forewarned that his failure to comply with the rules in a future appeal would result in the dismissal of that appeal.

Even if we were to consider the merits of the appeal, appellant would not prevail. On June 21, 2013, when appellant amended the second amended complaint to add respondent as a Doe defendant, the amendment was time-barred by section 340.5. This section "provides the limitations period for medical malpractice actions at the earlier of either three years from the date of injury or one year from when the plaintiff discovers his injury." (*Barker v. Garza* (2013) 218 Cal.App.4th 1449, 1469.) In his second amended complaint, appellant alleged that his mother had died on May 13, 2010, more than three years before the amendment of June 21, 2013. He also alleged that he had discovered his mother's injury "on or about November, 2010," more than one year before the amendment.

Section 474 does not shield appellant from the bar of the statute of limitations. Section 474 establishes an exception to the following general rule: " '[A]n amended complaint that adds a new defendant does *not* relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed.' [Citation.]" (*Hawkins v. Pacific Coast Bldg. Products, Inc.* (2004) 124 Cal.App.4th 1497, 1503.) Section 474 "permits a plaintiff to amend complaints by adding parties as Doe defendants '[w]hen the plaintiff is ignorant of the name of a defendant' at the time the complaint is filed. 'The purpose of section 474 is to enable a plaintiff to avoid the bar of the statute of limitations when he [or she] is ignorant of the identity of the defendant.' [Citation.] . . . 'If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed. [Citation.]' " (*Davis v. Marin* (2000) 80 Cal.App.4th 380, 386-387, fn. omitted.) As the trial court observed, section 474 is inapplicable because appellant was not ignorant of respondent's name when he filed the original complaint on August 12, 2011.

The dismissal without prejudice in October 2012 did not enable appellant to subsequently make the Doe defendant amendment without regard to the statute of limitations. " 'A dismissal "without prejudice" necessarily means without prejudice to the

5

filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations. [Citations.]' [Citation.]" (*Cardiff Equities, Inc. v. Superior Court* (2008) 166 Cal.App.4th 1541, 1550.) "When [statutory] protections operate to bring about a dismissal, the applicability of the pertinent statute of limitations is restored *as if no action had been brought*. [Citations.] In this respect the law of California is consistent with what has been stated to be the rule in the majority of jurisdictions. 'In the absence of a statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him . . . .' [Citation.]" (*Wood v. Elling Corp.* (1977) 20 Cal.3d 353, 359, fn. omitted.

*Disposition*

The appeal is dismissed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

6

Rebecca Riley, Judge

Superior Court County of Ventura

_____

Brian Zulli, in pro per, Appellant.


Robert H Packer, David P. Armanini; Law; Brandmeyer & Packer, for Respondent.