Filed 3/26/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| LAST FRONTIER HEALTHCARE DISTRICT, | C087953 |
| Petitioner, | (Super. Ct. No. CU18087) |
| v. | |
| THE SUPERIOR COURT OF MODOC COUNTY, | |
| Respondent; | |
| JAMIE L. HARPER, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate. David A. Mason, Judge. Petition Denied.

Carroll, Kelly, Trotter, Franzen, McBride & Peabody, David P. Pruett; Schuering Zimmerman & Doyle, and Kat Todd for Petitioner.

No appearance for Respondent.

Altemus & Wagner and Stewart C. Altemus for Real Party in Interest.

In this case we hold that giving notice of an intent to file a medical malpractice action under Code of Civil Procedure section 364[1] does not alter the jurisdictional deadlines underlying an application for relief from the Government Claims Act (Gov. Code, § 810 et seq.) requirement of presenting a timely claim to a public entity before bringing an action for damages against it.[2]

This proceeding arises out of an allegedly negligent surgery performed on real party in interest Jamie L. Harper at the Modoc Medical Center. Petitioner Last Frontier Healthcare District doing business as the Modoc Medical Center (Last Frontier) is a public entity, and Harper did not present a claim to Last Frontier within a year of her surgery. Respondent superior court originally granted Harper's petition for relief from the claim presentation requirement based in part on its erroneous conclusion that Harper's giving notice of her intent to sue extended the time to file her application for leave to present a late claim with Last Frontier. Last Frontier filed a petition for writ of mandate and/or prohibition in this court challenging the court's order. We issued an alternative writ and the trial court responded by issuing a new order properly denying Harper's petition for relief from the claim presentation requirement. Accordingly, we shall deny Last Frontier's writ petition because the relief requested is no longer needed.[3]

---

[1] Code of Civil Procedure section 364, subdivision (a) requires a plaintiff to give a defendant at least 90 days' notice of his or her intention to sue before filing a medical malpractice action.

[2] Undesignated statutory references are to the Government Code.

[3] Last Frontier filed a motion to dismiss the petition as moot. Ordinarily, we would dismiss the petition as moot if the trial court complies with the terms of the alternative writ. However, when a pending case involves a question of public interest that is likely to recur between the same parties or others, "the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M*. (1970) 3 Cal.3d 16, 23.) We find

2

# I. BACKGROUND

As set forth in her complaint, on February 17, 2017, surgery to remove Harper's gallbladder was performed at the Modoc Medical Center. Harper alleges the surgeon negligently performed the surgery, and she was permanently injured and lost income as a result.

On January 31, 2018, Harper served a notice of her intent to file a medical malpractice action on the Modoc Medical Center and the surgeon.

Last Frontier treated Harper's notice as a governmental claim and rejected it by letter mailed March 16, 2018, on the basis that it was not timely.

On April 6, 2018, Harper submitted an application for leave to present a late claim to Last Frontier. The application stated "[t]he Claim is founded on a cause of action for personal injuries which accrued on February 17, 2017, and for which a Claim was not timely presented." It alleged the reason for the delay was that Harper's attorney was previously unaware the Modoc Medical Center is a public entity.

On April 24, 2018, Harper filed a complaint for medical malpractice in superior court against the surgeon and Last Frontier.

Last Frontier subsequently denied the application for leave to present a late claim because it was untimely. Harper filed a petition for relief from the claim requirement in superior court. It stated, "Petitioner's Claim is based on a cause of action that accrued on February 17, 2017. . . . A Claim was not timely filed on this cause of action against LAST FRONTIER." The petition alleged the reason for the delay in presenting the claim was mistake, inadvertence, surprise, and excusable neglect on the part of Harper and her counsel. In support of the petition, Harper's counsel declared he did not serve the requisite claim within six months of Harper's injuries because he was unaware the

---

the issues in this case warrant our consideration. Therefore, we deny Last Frontier's motion to dismiss the petition as moot.

Modoc Medical Center is a public entity. Last Frontier opposed the petition. As relevant to this proceeding, Last Frontier argued Harper's underlying application for leave to present a late claim had to be served within one year of the accrual of her cause of action (February 17, 2018) in order for Harper to be entitled to judicial relief. In reply, Harper argued the application was timely because serving a notice of intent to sue entitled her to more time.

In a July 25, 2018, order, the court granted Harper's petition for relief from the claim presentation requirement. Two days later, the court issued a statement of decision explaining, "[f]or purposes of the Court's decision as to the instant Petition, the Court assumes the date of accrual was the date of the surgery, February 17, 2017. The Court notes that the date of accrual is not a fact for the Court to determine for purposes of this Petition as no evidence or argument was offered by the parties on the issue, nor was the issue raised by the Petition or the Opposition." The court held the rationale of our Supreme Court's holding in *Woods v. Young* (1991) 53 Cal.3d 315 (*Woods*) for tolling the statute of limitations in medical malpractice cases based on the service of a notice of intent to sue applied to render Harper's application for leave to present a late claim timely. The court also found the late claim was the result of mistake, inadvertence, or excusable neglect.

Last Frontier filed a petition for writ of mandate and/or prohibition in this court challenging the court's order. Harper filed a preliminary opposition.

We issued an alternative writ. The trial court responded by issuing a new order denying Harper's petition for relief from the claim presentation requirement.

Harper thereafter filed a return by verified answer.

## II. DISCUSSION

A. *Government Claim Presentation Requirements*

No suit for damages may be maintained against a public entity unless a written claim has first been presented to it. (§ 945.4.) A claim for personal injury must be

4

presented "not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a).) "When a claim . . . is not presented within that time, a written application may be made to the public entity for leave to present that claim." (§ 911.4, subd. (a).) "The application shall be presented to the public entity . . . within a reasonable time *not to exceed one year* after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." (§ 911.4, subd. (b), italics added.)[4] "Accrual of the cause of action for purposes of [these statutes] is the date of accrual that would pertain under the statute of limitations applicable to a dispute between private litigants." (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208-209, superseded by statute as stated in *Rubenstein v. Doe No. 1* (2017) 3 Cal.5th 903, 914; see § 901.)

"If an application for leave to present a claim is denied . . . , a petition may be made to the court for an order relieving the petitioner from Section 945.4." (§ 946.6, subd. (a).) The court shall grant the request if it finds the application under section 911.4 was made "within a reasonable time not to exceed that specified in subdivision (b) of 911.4" and that one of several grounds for relief are applicable.[5] (§ 946.6, subd. (c).) Accordingly, "[f]iling a late-claim application within one year after the accrual of a cause of action is a jurisdictional prerequisite to a claim-relief petition. [Citation.] When the underlying application to file a late claim is filed more than one year after the accrual of the cause of action, the court is without jurisdiction to grant relief under . . . section 946.6." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1779.) The question

---

[4] Section 911.4, subdivision (c) excludes certain time periods in calculating the one-year period. None of these exclusions are applicable in this proceeding.

[5] As relevant to this proceeding, those grounds include that "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4." (§ 946.6, subd. (c)(1).)

presented by this proceeding is therefore whether the superior court had jurisdiction to grant Harper's petition for relief from the claim presentation requirement.

*B.      Accrual*

Harper contends that even if the deadline to present an application for leave to present a late claim is not extended under *Woods, supra,* 53 Cal.3d 315, the court still had jurisdiction to grant her requested relief because Last Frontier did not establish that her application was presented more than a year after her medical malpractice cause of action accrued.[6] This argument misallocates the burden of proof and misconstrues the issues before the superior court.

The court must grant a petition for relief from the claim requirement "if the claimant demonstrates by a preponderance of the evidence the application to the public entity under . . . section 911.4 was made within a reasonable time not exceeding one year after the accrual of the cause of action, and one of the other four requirements listed in . . . section 946.6, subdivision (c) is met.  In determining whether relief is warranted, the court will consider the petition, any affidavits submitted in support of or in opposition to the petition, and any other evidence presented at the hearing." (*Munoz v. State of California, supra,* 33 Cal.App.4th at pp. 1777-1778.)

Code of Civil Procedure section 340.5 sets forth the statute of limitations for medical malpractice actions and thus when Harper's action accrued for purposes of these proceedings. (*Woods, supra,* 53 Cal.3d at p. 319, fn. 1.)  That statute provides that "the time for the commencement of action shall be three years after the date of injury or one

---

[6] Harper actually argues Last Frontier did not establish that her petition for relief from the claim requirement was filed more than a year after her medical malpractice claim accrued but, as set forth above, it is the application for leave to present a late claim that must be presented within one year of the accrual of the cause of action.

year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." (Code. Civ. Proc., § 340.5.)

The superior court assumed the date Harper's cause of action accrued was the date of her surgery (February 17, 2017). It explained that no evidence or argument was offered by the parties on the issue of accrual. Harper's application for leave to present a late claim to Last Frontier and subsequent petition for relief from the claim requirement in the superior court both stated her claim is based on a cause of action that "accrued on February 17, 2017." Nonetheless, in this original proceeding, Harper disputes she conceded that her cause of action accrued on February 17, 2017. She cites a perplexing portion of the reply brief she filed in support of her petition for relief from the claim requirement: "Assuming for the sake of argument that [Harper] was aware that she had been injured as a result of the negligently performed surgery on the day it was performed, her medical malpractice cause of action would have accrued on February 17, 2018 . . . . However, because she served her Notice of Intent to Sue within 90 days of the expiration of the statute of limitation, [Harper]'s medical malpractice claim did not accrue until May 7, 2018."[7] A cause of action accrues when the statute of limitations *begins* to run. (See *Spear v. California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1040 ["It is elementary that a statute of limitations does not begin to run until the cause of action accrues"].) Thus, if Harper was aware she was injured as a result of negligently performed surgery on the day it was performed, her medical malpractice cause of action accrued on February 17, 2017. Regardless, in the cited passage, Harper is making an argument about the impact of her

---

[7] Harper concedes she was "wrong concerning the date of accrual, but [she] still contends that her Petition for Relief was filed less than a year after her malpractice cause of action accrued." Thus, Harper has left us without any sense of what she now alleges the date of accrual was if it was not February 17, 2017.

notice of intent to sue, which we discuss next, and not about when she discovered her injury for purposes of determining accrual.

Harper argues that she "contended, and still does, that her medical malpractice claim did not accrue on February 17, 2018." Again, this statement appears to confuse the date Last Frontier argues her cause of action accrued (February 17, 2017) with the date it argues the statute of limitations would have expired (February 17, 2018). Further, Harper cites a portion of the reporter's transcript where her counsel states, "it's her argument that . . . the case accrued on the date of injury." This would seem to disprove her argument. Regardless, her counsel continued by explaining that "[i]n medical malpractice cases, . . . the date of accrual is frequently heavily litigated because nobody really knows when something accrues. [¶] . . . [¶] But in a bad gallbladder surgery like this, we don't know precisely when the patient became aware that she had been injured. But we do know that she has a year from whenever that was to file her claim, and then she gets an extension under [Code of Civil Procedure section] 364 of up to 90 days." We cannot conclude these generalizations about medical malpractice cases constituted any evidence Harper's application for leave to present a late claim under section 911.4 was made within a year of the accrual of her cause of action for medical malpractice. Nor, given the clear statements in her petition that her cause of action accrued on February 17, 2017, can we conclude Harper meaningfully raised the issue of accrual in the superior court. The court's statement of decision reflected this understanding of the issues before it. It properly assumed the date of accrual was February 17, 2017. For the same reasons, we must as well. We now turn to our examination of the actual basis for the superior court's original ruling.

C.     *Code of Civil Procedure Section 364*

The superior court originally concluded that service of a notice of intent to sue under Code of Civil Procedure section 364 extended the deadline for Harper to apply for

8

leave to present a late claim.[8]  Code of Civil Procedure section 364, subdivision (d)

provides that if a notice of intent to sue "is served within 90 days of the expiration of the

applicable statute of limitations, the time for the commencement of the action shall be

*extended* 90 days from the service of the notice."  (Italics added.)  As our Supreme Court

noted in *Woods*, because Code of Civil Procedure section 364, subdivision (a) requires a

plaintiff to give a defendant *at least* 90 days' notice of intent to sue, a literal application

of subdivision (d) accomplishes nothing because the extension it provides is one day

short of being useful.[9]  (*Woods, supra,* 53 Cal.3d at p. 321.)  The court held that the one-

year statute of limitations set forth in Code of Civil Procedure section 340.5 is tolled

rather than extended for 90 days when the notice of intent to sue is served during the last

90 days of the limitations period.  (*Woods, supra,* at pp. 319, 325.)  The court concluded

this construction best effectuates the legislative objective of encouraging negotiated

resolution of disputes and also harmonizes the statutory provisions at issue.  (*Id*. at pp.

325-326.)

---

[8]  Notably, in this original proceeding, Harper states the trial court's original conclusion
was correct, but offers no actual defense of this conclusion.

[9]  Our Supreme Court gave the following example:  "A plaintiff serves the 90-day notice
of intent to sue required by [Code of Civil Procedure] section 364[, subdivision ](a) 50
days before expiration of the 1-year statute of limitations.  Because [Code of Civil
Procedure] section 364[, subdivision ](d) would in that case extend the 1-year limitations
period by 90 days, calculated from the date of service of the 90-day notice, the plaintiff
has [one] year and 40 days in which to file the action.  [¶]  If our hypothetical plaintiff
were to file suit on the last day of the extension, the plaintiff would violate the 90-day
waiting requirement of [Code of Civil Procedure] section 364[, subdivision ](a), which
requires the plaintiff to give the defendant health care provider *at least* 90 days' prior
notice of intent to sue.  If, however, the plaintiff were to file the action one day after the
extended period, that is, one year and forty-one days after discovery of the injury, the
action would be barred by the one-year statute of limitations because it was filed one day
beyond the limitations period as extended."  (*Woods, supra,* 53 Cal.3d at p. 321.)

The superior court's statement of decision applied *Woods* to extend the time for Harper to apply for leave to present a late claim under section 911.4. This was a misreading of *Woods*. *Woods* does not address the time for applying for leave to present a late government claim. It is limited to the question of "whether the 90-day notice provision *tolls or extends* the 1-year *statute of limitations* for medical malpractice actions."[10] (*Woods, supra,* 53 Cal.3d at p. 319, italics added.) The statute our Supreme Court construed in *Woods* likewise only extends "the time for the commencement of the action." (Code Civ. Proc., § 364, subd. (d).) The governmental claim presentation deadline and the deadline for seeking leave to present a late claim are not statutes of limitations and do not set forth the deadline for commencement of an action. (*Shirk v. Vista Unified School Dist., supra,* 42 Cal.4th at p. 209.) The tolling set forth in *Woods* and Code of Civil Procedure section 364 simply does not apply to Harper's efforts to excuse her late-filed claim. As a result, the superior court acted in excess of its jurisdiction in originally granting Harper relief from the claim presentation requirement.

---

[10] A subsequent opinion held that the 90-day tolling applies to the three-year statute of limitations set forth in Code of Civil Procedure section 340.5. (*Russell v. Stanford University Hospital* (1997) 15 Cal.4th 783, 785.)

10

## III.  DISPOSITION

Because the petition for writ of mandate and/or prohibition has become moot, the petition is denied.

Petitioner Last Frontier Healthcare District doing business as the Modoc Medical Center shall recover its costs in this original proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

BUTZ, J.

11