[No. S133687. Aug. 20, 2007.]

LINDA SHIRK, Plaintiff and Appellant, v.
VISTA UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

**COUNSEL**

Ronquillo & Corrales and Manuel Corrales, Jr., for Plaintiff and Appellant.

Zalkin & Zimmer, Irwin M. Zalkin, Devin M. Storey; Kiesel, Boucher & Larson and Raymond P. Boucher as Amici Curiae on behalf of Plaintiff and Appellant.

Stutz, Artiano, Shinoff & Holtz, Daniel R. Shinoff, Jack M. Sleeth, Jr., William C. Pate, Jeffrey A. Morris and Paul V. Carelli IV for Defendant and Respondent.

Hennigan, Bennett & Dorman, J. Michael Hennigan and Lee W. Potts for Roman Catholic Archbishop of Los Angeles as Amicus Curiae on behalf of Defendant and Respondent.

Jennifer B. Henning for California State Association of Counties and League of California Cities as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**KENNARD, J.**—In 2002, the Legislature added a statutory provision that "revived" for the calendar year 2003 those causes of action for childhood sexual molestation that would otherwise have been barred "solely" by expiration of the applicable statute of limitations. (Code Civ. Proc., § 340.1,

subd. (c).)[1] Does that provision also apply when a plaintiff suing a public entity has failed to first present a timely claim to the entity, as required by the government claims statute (Gov. Code, § 911.2)? Our answer is "no."

# I

Because this appeal arises from a ruling on a demurrer, we treat the demurrer as admitting all properly pleaded material facts. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 810 [27 Cal.Rptr.3d 661, 110 P.3d 914]; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) The facts set out here are those alleged in plaintiff's complaint.

Plaintiff Linda Shirk was born in June 1962. In September 1977, when she was 15 years old, the Vista Unified School District (School District) assigned her to an English class taught by Jeffrey Paul Jones. Jones began flirting with her on the first day of school; in May 1978, Jones initiated their first sexual encounter. In the ensuing months, Jones and plaintiff engaged in sexual conduct both on and off school premises. Their last sexual contact occurred in November 1979. In the following months plaintiff neither notified the School District of her abuse nor presented a claim to it.

In June 2001, when plaintiff's 15-year-old daughter was attending Vista High School, plaintiff began to encounter teacher Jones at high school band tournaments. That same month, having become "very upset" by her long-ago molestation by Jones, she filed a report with the local sheriff's office. In February 2002, she met with Jones and surreptitiously recorded a conversation in which he admitted to sexual conduct with her and with another student.

On September 12, 2003, a licensed mental health practitioner interviewed plaintiff and concluded that she was still suffering psychological injury from her sexual abuse by Jones. That same day, plaintiff presented a claim to the School District for personal injury stemming from her sexual abuse by its employee Jones. When, as here, the defendant is a public entity, such claim presentation is required under the government claims statute (Gov. Code, § 900 et seq.), sometimes referred to as the Tort Claims Act. Government Code section 911.2 requires timely notice to a public entity before commencing legal action against it.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

On September 23, 2003, plaintiff, then 41 years old, sued teacher Jones and the School District. Pertinent here are two causes of action for negligent tortious conduct against the School District, alleging that it "knew or should have known" that Jones was "a sexual predator" who "was engaging in inappropriate sexual misconduct" with his students, including plaintiff. On a form complaint, plaintiff entered the date of the act complained of as "Sept. 12, 2003 (per CCP 340.1(c))" and she checked two boxes indicating compliance with the government claims statute.

The School District demurred to plaintiff's complaint, asserting that the negligence causes of action were barred by her belated claim presentation. The trial court agreed; it concluded that plaintiff's causes of action accrued as of the last act of sexual molestation, which was in November 1979, but that they were barred because of plaintiff's failure to first present a claim to the School District "at some point in 1980," as statutorily required. Accordingly, the trial court sustained the demurrer without leave to amend, and it entered a judgment of dismissal as to the School District.

Plaintiff appealed, arguing that she had "timely presented her government tort claim" to the School District on September 12, 2003, when her statutory cause of action under subdivision (c) of section 340.1 accrued, because it was only then that "she discovered the cause of her adult psychological injuries." The Court of Appeal agreed. It reasoned that the Legislature's addition in 1998 of provisions making entities liable for sexual abuse committed by their employees (§ 340.1, subd. (a)(2) & (3)), coupled with its failure "to make special rules regarding the application of [government] claims requirements," indicated legislative intent not to differentiate between public entity defendants and private entity defendants. Accordingly, the Court of Appeal held that in 2002, when the Legislature enacted the revival provision to open a one-year window for childhood sexual abuse plaintiffs to bring statutorily lapsed causes of action, it also extended the government claims statute's deadline for presenting a claim to a public entity defendant. The Court of Appeal reasoned that, because plaintiff only discovered on September 12, 2003, that the cause of her psychological injury was the teacher's sexual abuse of her more than two decades earlier, the claim she presented to the School District on that same day was timely.

We granted the School District's petition for review to resolve a conflict between the decision of the Court of Appeal in this case and a nearly contemporaneous decision of a different Court of Appeal in *County of Los Angeles v. Superior Court* (2005) 127 Cal.App.4th 1263, 1269 [26 Cal.Rptr.3d

445] (*County of Los Angeles*). That case held that the Legislature's 2002 amendment of section 340.1 did not reflect the Legislature's intent "to excuse victims of childhood sexual abuse" from complying with the government claims statute when suing a public entity defendant. We reach the same conclusion here, thus reversing the Court of Appeal in this case.

## II

Below we summarize the pertinent provisions of section 340.1, which sets forth deadlines for bringing a lawsuit for childhood sexual abuse, and Government Code section 911.2, which sets forth a deadline for presenting a claim to a public entity and is a prerequisite to the filing of a lawsuit against the entity.

### A. *Section 340.1*

At the time of plaintiff's sexual molestation in 1978 to 1979, the applicable statute of limitations for sexual molestation was one year. (Former § 340, subd. (3).) In 1986, the Legislature enacted section 340.1, which expanded to three years the statute of limitations for sexual abuse by a relative or household member of a child under 14 years of age. (Former § 340.1, added by Stats. 1986, ch. 914, § 1, pp. 3165–3166.)

In 1990, the Legislature amended section 340.1 to make it applicable to anyone who sexually abused a child, regardless of that person's relationship to, or residence with, the victim. It also extended the statute of limitations to eight years from the date the victim "attains the age of majority," or three years from the date the victim "discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse." (§ 340.1, subd. (a).) A plaintiff over the age of 26 years had to provide a certificate of merit from a mental health practitioner. (Former § 340.1, subds. (a), (b), & (d), as amended by Stats. 1990, ch. 1578, § 1, pp. 7550–7552.)

In 1994, the Legislature again amended section 340.1 by expressly providing that the 1990 amendments "apply to any action commenced on or after January 1, 1991, including any action otherwise barred by the period of limitations in effect prior to January 1, 1991, thereby reviving those causes of action which had lapsed or technically expired under the law existing prior to January 1, 1991." (Former § 340.1, subd. (*o*), added by Stats. 1994, ch. 288, § 1, p. 1930.)

In 1998, there was another amendment to section 340.1, acknowledging the liability of a "person or entity" whose negligent or intentional acts were a "legal cause" of a child's sexual abuse. (§ 340.1, subd. (a)(2) & (3), added by Stats. 1998, ch. 1032, § 1.) Causes of action against such persons or entities had to be brought before the victim's 26th birthday. (§ 340.1, subd. (b)(1), amended by Stats. 1998, ch. 1032, § 1.)

In 1999, the Legislature again amended section 340.1, clarifying that its 1998 changes relating to the liability of nonabuser persons or entities were prospective—that is, its provisions applied only to actions begun on or after January 1, 1999, or if filed before that time, actions still pending as of that date, "including any action or causes of action which would have been barred by the laws in effect prior to January 1, 1999." (§ 340.1, subd. (u), added by Stats. 1999, ch. 120, § 1.)

In 2002, the Legislature yet again amended section 340.1, this time reviving for the calendar year 2003 those causes of action based on childhood sexual abuse brought against a person or an entity that had "reason to know" or was "on notice, of any unlawful sexual conduct by an employee, volunteer, representative, or agent, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct." (§ 340.1, subd. (b)(2), added by Stats. 2002, ch. 149, § 1.) Thus, this change revived for the year 2003 those causes of action brought by plaintiffs over the age of 26 years against *nonabuser* persons or entities that would otherwise have been time-barred as of January 1, 2003, "*solely because the applicable statute of limitations has or had expired*" as of that date. (§ 340.1, subd. (c), italics added.)

B.   *Government Claims Statute*

Before suing a public entity, the plaintiff must present a timely written claim for damages to the entity. (Gov. Code, § 911.2; *State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1239 [13 Cal.Rptr.3d 534, 90 P.3d 116] *(Bodde)*; but see Gov. Code, § 905 [itemized exceptions not relevant here].) In 1979 and 1980, a claim relating to a cause of action for "injury to person" had to be presented to a government entity "not later than the 100th day after the accrual of the cause of action." (Gov. Code, § 911.2, added by Stats. 1963, ch. 1715, § 1, p. 3376.) Since 1988, such claims must be presented to the government entity no later than six months after the cause of action accrues. (Gov. Code, former § 911.2, as amended by Stats. 1987, ch. 1208, § 3, p. 4306.) Accrual of the cause of

action for purposes of the government claims statute is the date of accrual that would pertain under the statute of limitations applicable to a dispute between private litigants. (Gov. Code, § 901; *Whitfield v. Roth* (1974) 10 Cal.3d 874, 884–885 [112 Cal.Rptr. 540, 519 P.2d 588]; *Jefferson v. County of Kern* (2002) 98 Cal.App.4th 606, 615 [120 Cal.Rptr.2d 1]; *Dujardin v. Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 355 [138 Cal.Rptr. 20].)

■ Timely claim presentation is not merely a procedural requirement, but is, as this court long ago concluded, " ' "a condition precedent to plaintiff's maintaining an action against defendant" ' " (*Bodde, supra,* 32 Cal.4th at p. 1240, quoting *Williams v. Horvath* (1976) 16 Cal.3d 834, 842 [129 Cal.Rptr. 453, 548 P.2d 1125]), and thus an element of the plaintiff's cause of action. (*Bodde, supra,* at p. 1240.) Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action. (*Bodde, supra,* at p. 1245.)

■ Only after the public entity's board has acted upon or is deemed to have rejected the claim may the injured person bring a lawsuit alleging a cause of action in tort against the public entity. (Gov. Code, §§ 912.4, 945.4; *Williams v. Horvath, supra,* 16 Cal.3d at p. 838.) The deadline for filing a lawsuit against a public entity, as set out in the government claims statute, is a true statute of limitations defining the time in which, after a claim presented to the government has been rejected or deemed rejected, the plaintiff must file a complaint alleging a cause of action based on the facts set out in the denied claim. (Code Civ. Proc., § 342; Gov. Code, § 945.6; *Addison v. State of California* (1978) 21 Cal.3d 313, 316 [146 Cal.Rptr. 224, 578 P.2d 941]; *Tubbs v. Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671, 675 [63 Cal.Rptr. 377, 433 P.2d 169]; *County of Los Angeles, supra,* 127 Cal.App.4th 1263, 1271; *Martell v. Antelope Valley Hospital Medical Center* (1998) 67 Cal.App.4th 978, 981–982 [79 Cal.Rptr.2d 329]; see Cal. Law Revision Com. com., reprinted at 32A pt. 1 West's Ann. Gov. Code (1995 ed.) foll. § 945.6, p. 33.)

The six-month statute of limitations for *filing a lawsuit* that is generally applicable to actions against public defendants (Code Civ. Proc., § 342; Gov. Code, § 945.6, subd. (a)(1)) is not implicated by the facts here. Rather, *it is the claim presentation deadline* (Code Civ. Proc., § 313; Gov. Code, § 911.2) that is at issue, as we explain below.

## C. *School District's Demurrer to Plaintiff's Complaint*

As discussed earlier, on September 23, 2003, 41-year-old plaintiff sued the School District under subdivision (c) of section 340.1, alleging, as relevant here, two causes of action for negligence based on the district's employment of teacher Jones. Plaintiff alleged that on September 12, 2003, when she consulted a licensed mental health professional, she learned she was "suffering from psychological injuries" caused by teacher Jones's sexual abuse of her in 1978 and 1979, when she was a teenager. The School District successfully demurred to both causes of action, arguing that not only were "the 25 year old negligence claims" time-barred, but also that they were not subject to the revival provision in subdivision (c) of section 340.1, because of plaintiff's failure to present a claim to the School District at the time of her molestation by Jones.

■ Generally, a cause of action for childhood sexual molestation accrues at the time of molestation. (*John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 443 [256 Cal.Rptr. 766, 769 P.2d 948]; *Doe v. Bakersfield City School Dist.* (2006) 136 Cal.App.4th 556, 567, fn. 2 [39 Cal.Rptr.3d 79]; *Ortega v. Pajaro Valley Unified School Dist.* (1998) 64 Cal.App.4th 1023, 1053 [75 Cal.Rptr.2d 777].) Here, plaintiff's complaint alleged that her molestation by teacher Jones began in May 1978 and ended in November 1979. The trial court found that plaintiff's cause of action accrued on November 30, 1979 (the last possible act of molestation), and that under the then applicable 100-day deadline for presenting a claim to a public entity (Gov. Code, former § 911.2, added by Stats. 1963, ch. 1715, § 1, p. 3372) she "was required to submit a claim" to the School District "at some point in 1980." Plaintiff, however, did not submit a claim to the School District until September 12, 2003, nearly 25 years after the last act of molestation.

### III

Plaintiff acknowledges that because of her failure to present a claim to the School District in 1980, her cause of action against the School District was extinguished in 1980. But she argues that under section 340.1, subdivision (c), which revived for the year 2003 those childhood sexual abuse causes of action on which the statute of limitations had already lapsed as of January 1, 2003, her cause of action against the School District reaccrued on September 12, 2003, when she discovered that her present psychological injury was caused by teacher Jones's sexual abuse of her some 25 years earlier. Alternatively, she argues that her duty to present her claim to the

School District, as required under the government claims statute, first arose on September 12, 2003, when she discovered that her psychological injury was caused by the teacher's sexual abuse and presented her claim to the School District. We conclude that neither of her contentions is supported by the language and history of the legislative scheme, as we explain below.

■ We apply well-established principles of statutory construction in seeking "to determine the Legislature's intent in enacting the statute ' "so that we may adopt the construction that best effectuates the purpose of the law." ' " (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 199 [46 Cal.Rptr.3d 41, 138 P.3d 193]; see *People v. King* (2006) 38 Cal.4th 617, 622 [42 Cal.Rptr.3d 743, 133 P.3d 636]; *Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818 [31 Cal.Rptr.3d 591, 115 P.3d 1233].) We begin with the statutory language because it is generally the most reliable indication of legislative intent. (*City of Burbank v. State Water Resources Control Bd.* (2005) 35 Cal.4th 613, 625 [26 Cal.Rptr.3d 304, 108 P.3d 862].) If the statutory language is unambiguous, we presume the Legislature meant what it said, and the plain meaning of the statute controls. (*People v. Hudson* (2006) 38 Cal.4th 1002, 1009 [44 Cal.Rptr.3d 632, 136 P.3d 168].) But if the statutory language may reasonably be given more than one interpretation, " ' " 'courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute.' " ' " (*People v. King, supra*, 38 Cal.4th 617, 622; see *People v. Yartz* (2005) 37 Cal.4th 529, 538 [36 Cal.Rptr.3d 328, 123 P.3d 604]; *People v. Garcia* (2002) 28 Cal.4th 1166, 1172 [124 Cal.Rptr.2d 464, 52 P.3d 648].)

As amended in 2003, the pertinent language of subdivision (c) of section 340.1 reads: "[A] claim for damages" brought against an entity that owed plaintiff a duty of care and whose wrongful or negligent act was a legal cause of injury to plaintiff resulting from childhood sexual abuse, if the cause of action "would otherwise be barred as of January 1, 2003, *solely* because the applicable statute of limitations has or had expired, is revived" (italics added), and the revived "cause of action may be commenced within one year of January 1, 2003."

■ In plain language, that provision expressly limited revival of childhood sexual abuse causes of action to those barred "solely" by expiration of the applicable statute of limitations. (§ 340.1, subd. (c).) ■ The term " '[s]tatute of limitations' is the collective term applied to acts or parts of acts that prescribe the periods beyond which a plaintiff may not bring a cause of

action." (*Fox v. Ethicon Endo-Surgery Inc., supra*, 35 Cal.4th at p. 806; see *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 395 [87 Cal.Rptr.2d 453, 981 P.2d 79].) As the Code of Civil Procedure explains, "[c]ivil actions, without exception, can only be commenced within the periods pre-scribed . . . , after the cause of action shall have accrued . . . ." (§ 312.)

Section 340.1, subdivision (c), makes no reference whatsoever to any revival of the period in which to present a claim under the government claims statute. That lack of reference led the Court of Appeal here to infer that because the Legislature must have been aware that by expressly reviving causes of action against entity defendants in general under subdivision (c), it implicitly revived the deadline for presenting a claim to public entity defendants. We are not persuaded.

■ The legislative history of the 2002 amendment at issue here is virtually silent as to its impact on a public entity defendant; it mentions only the general principle that "a school district, church, or other organization engaging in the care and custody of a child owes a duty of care to that child to reasonably ensure its safety." (Assem. Com. on Judiciary, Rep. on Sen. Bill No. 1779 (2001–2002 Reg. Sess.) as amended June 6, 2002, p. 6.) No opposition at all to the bill was noted in the committee report. (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 1779 (2001–2002 Reg. Sess.) as amended June 17, 2002, pp. 4–5; Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1779 (2001–2002 Reg. Sess.) as amended May 2, 2002, p. 10.) And the bill's legislative history makes no mention of an intent to revive the deadline by which to present a claim to a public entity, nor have we found any mention of the potential fiscal impact of reviving public liability for incidents that occurred, as here, decades ago. Thus, the legislative history does not support the view of the Court of Appeal in this case that the Legislature's revival of childhood sexual abuse causes of action otherwise barred solely by the lapse of the applicable statute of limitations also was intended to apply to the then-already-codified government claim presentation deadline. The Legislature is deemed to be aware of existing statutes, and we assume that it amends a statute in light of those preexisting statutes. (*People v. Yartz, supra*, 37 Cal.4th at p. 538; *People v. Overstreet* (1986) 42 Cal.3d 891, 897 [231 Cal.Rptr. 213, 726 P.2d 1288].)

■ Plaintiff argues that the Legislature was well aware of the claim presentation deadline under the government claims statute, as indicated by section 340.1, subdivision (c)'s opening phrase, "Notwithstanding any other provision of law . . . ." But that interpretation is inconsistent with the more specific language later in that same sentence expressly reviving only those causes of action "barred . . . *solely* because the applicable statute of limitations has or had expired" as of January 1, 2003. (*Ibid.*, italics added.)

As discussed earlier, *before* a plaintiff can bring a cause of action against a *public entity*, a timely claim must be presented to the entity; when no claim is timely presented, however, such a cause of action is not barred "solely" by lapse of the applicable statute of limitations, the phrasing that the Legislature used in the revival provision of subdivision (c). As explained earlier, *ante,* at page 209, the government claim presentation deadline is not a statute of limitations. Had the Legislature intended to also revive in subdivision (c) the claim presentation deadline under the government claims statute, it could have easily said so. It did not. We thus conclude that as of January 1, 2003, plaintiff's causes of action against the School District were barred by expiration of the time for presenting a claim to the School District.

This conclusion also finds support in the public policies underlying the claim presentation requirement of the government claims statute. Requiring a person allegedly harmed by a public entity to first present a claim to the entity, before seeking redress in court, affords the entity an opportunity to promptly remedy the condition giving rise to the injury, thus minimizing the risk of similar harm to others. (*Johnson v. San Diego Unified School Dist.* (1990) 217 Cal.App.3d 692, 696–697 [266 Cal.Rptr. 187]; *Roberts v. State of California* (1974) 39 Cal.App.3d 844, 848 [114 Cal.Rptr. 518]; see also Recommendation: Claims, Actions and Judgments Against Public Entities and Public Employees (Dec. 1963) 4 Cal. Law Revision Com. Rep. (1963) pp. 1008–1009.) The requisite timely claim presentation before commencing a lawsuit also permits the public entity to investigate while tangible evidence is still available, memories are fresh, and witnesses can be located. (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1214 [48 Cal.Rptr.3d 108, 141 P.3d 225]; *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455 [115 Cal.Rptr. 797, 525 P.2d 701]; *Barkley v. City of Blue Lake* (1996) 47 Cal.App.4th 309, 316 [54 Cal.Rptr.2d 679].) Fresh notice of a claim permits early assessment by the public entity, allows its governing board to settle meritorious disputes without incurring the added cost of litigation, and gives it time to engage in appropriate budgetary planning. (*Phillips v. Desert Hospital Dist.* (1989) 49 Cal.3d 699, 705 [263 Cal.Rptr. 119, 780 P.2d 349]; *City of San Jose, supra,* 12 Cal.3d at p. 455; *Baines Pickwick Ltd. v. City of Los Angeles* (1999) 72 Cal.App.4th 298, 303 [85 Cal.Rptr.2d 74]; see *Crescent Wharf etc. Co. v. Los Angeles* (1929) 207 Cal. 430, 437 [278 P. 1028].) The notice requirement under the government claims statute thus is based on a recognition of the special status of public entities, according them greater protections than nonpublic entity defendants, because unlike nonpublic defendants, public entities whose acts or omissions are alleged to have caused harm will incur costs that must ultimately be borne by the taxpayers. For the reasons discussed above, we conclude that plaintiff's causes of action against the School District for injury resulting from her childhood sexual abuse by teacher Jones were not revived in 2003 by section 340.1, subdivision (c).

Plaintiff's second contention is that her duty to present a claim to the School District did not arise until September 12, 2003, when at the age of 41 she first learned from a mental health practitioner that her adult-onset emotional problems resulted from teacher Jones's molestation of her as a teenager, some 25 years earlier. That very same day, she presented her claim to the School District, which denied it as untimely. Thus, plaintiff argues, she has timely filed against the School District her complaint alleging her injury was caused by the School District's breach of its duty of care to protect her from sexual abuse by teacher Jones.

We disagree. We concluded earlier that the Legislature's amendment of section 340.1, subdivision (c), revived for the year 2003 certain lapsed causes of action against *nonpublic entities*, but that nothing in the express language of those amendments or in the history of their adoption indicates an intent by the Legislature to apply against *public entity defendants* the one-year revival provision for certain causes of action. (§ 340.1, subd. (c).) In light of that conclusion, it seems most unlikely that the Legislature also intended revival applicable to persons who discovered only in 2003 a new injury attributable to the same predicate facts underlying a cause of action previously barred by failure to comply with the government claims statute.

### DISPOSITION

The judgment of the Court of Appeal is reversed.

George, C. J., Baxter, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

**WERDEGAR, J.,** Dissenting.—The majority concludes plaintiff failed to present a timely claim to defendant school district and that her suit is accordingly barred, notwithstanding the 2003 revival statute (Code Civ. Proc., § 340.1, subd. (c)). I disagree and would affirm the Court of Appeal's unanimous decision to the contrary.

Plaintiff's obligation under the claim presentation statute (Gov. Code, § 911.2, subd. (a)) was to present her claim "not later than six months after the accrual of the cause of action" (*ibid.*). Her claim first accrued sometime in 1979, when defendant's employee last molested her. She did not present a claim then. But her claim accrued again in 2003 under the newly enacted revival statute (Code Civ. Proc., § 340.1, subd. (c)), read together with the earlier-enacted delayed-discovery statute (*id.*, subd. (a)), when she "discover[ed] or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse" (*ibid.*). The applicable statute of limitations, which in this case is the delayed discovery statute, defines accrual for purposes of the claim presentation

statute. (See Gov. Code, § 901.) Having redefined accrual in the applicable statute of limitations, the Legislature necessarily redefined accrual, and plaintiff's obligations, under the claim presentation statute. This conclusion merely respects the plain language of all the relevant statutes.

The majority does not argue a claim cannot accrue twice. Indeed, the revival statute (Code Civ. Proc., § 340.1, subd. (c)), read together with the delayed discovery statute (*id.*, subd. (a)), necessarily causes previously accrued claims for sexual molestation to accrue a second time by prescribing the time for commencing an action in terms of delayed discovery. Although, " '[g]enerally speaking, a cause of action accrues at "the time when the cause of action is complete with all of its elements[,]" [a]n important exception to the general rule of accrual is the "discovery rule," which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.' " (*Grisham v. Philip Morris U.S.A., Inc.* (2007) 40 Cal.4th 623, 634 [54 Cal.Rptr.3d 735, 151 P.3d 1151], quoting *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806–807 [27 Cal.Rptr.3d 661, 110 P.3d 914].) Thus, plaintiff's claim accrued once in 1979, when all the elements of her cause of action first existed, and once again in 2003, when her delayed discovery of psychological injury as an adult brought her claim within the revival statute.

To argue a claim cannot accrue twice would, in effect, nullify the revival statute. Eschewing this absurdity, the majority instead reasons the Legislature's silence, when it drafted the revival statute, on the subject of claim presentation must mean the Legislature did not intend the revival statute (Code Civ. Proc., § 340.1, subd. (c)) to affect "the accrual of the cause of action" (Gov. Code, § 911.2, subd. (a)) for purposes of the claim presentation statute (*ibid.*). (See maj. opn., *ante*, at pp. 211–212.) But the argument fails because, as already noted, the Legislature had already expressly provided that a claim accrues for purposes of claim presentation at the same time it accrues under the applicable statute of limitations (Gov. Code, § 901), which in this case is the delayed discovery statute (Code Civ. Proc., § 340.1, subd. (a)). Because the Legislature had already redefined accrual in terms of delayed discovery, the Legislature's later silence on the point proves nothing. In any event, we ordinarily will not invoke legislative history to justify interpreting a statute contrary to its plain language. (E.g., *City & County of San Francisco v. County of San Mateo* (1995) 10 Cal.4th 554, 572, fn. 10 [41 Cal.Rptr.2d 888, 896 P.2d 181].) Although exceptions to that rule are occasionally admitted in extreme cases, to argue that legislative *silence* can justify ignoring a statute's plain meaning stands the ordinary rule on its head. At the very least, the burden of proving the Legislature did not mean what it said would seem to be on the one making the argument. The Legislature's silence does not help the majority carry that burden.

The majority also argues, apparently in the alternative, that the revival statute does not apply to this case. The majority reasons that plaintiff's claim was barred not "*solely* because the applicable statute of limitations has or had expired" (Code Civ. Proc., § 340.1, subd. (c), italics added), but also because she has not complied with the claim presentation statute. (Maj. opn., *ante,* at p. 211.) But this additional argument obviously begs the question whether plaintiff *has* complied with the claim presentation statute. For the reasons given above, I conclude she has.

Appellant's petition for a rehearing was denied October 10, 2007, and the opinion was modified to read as printed above. Werdegar, J., was of the opinion that the petition should be granted.