**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY D. EASLEY,

        Plaintiff - Appellant,

  v.

COUNTY OF EL DORADO
PROBATION DEPARTMENT; et al.,

        Defendants - Appellees.

No. 11-15608

D.C. No. 2:08-cv-01432-MCE-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

    Gary D. Easley appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging state and federal claims arising out of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument, and therefore, denies Easley's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

arrests and prosecutions for various criminal offenses. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001), and for an abuse of discretion conclusions as to the applicability of equitable tolling, *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006). We affirm.

The district court did not abuse its discretion in concluding that the statute of limitations was not equitably tolled on Easley's § 1983 claims because Easley failed to establish that he acted with diligence and good faith in filing suit after his prior, factually related action was dismissed for failure to prosecute. *See Ervin v. County of Los Angeles*, 848 F.2d 1018, 1019-20 (9th Cir. 1988) (setting forth three-factor test for equitable tolling and concluding that plaintiff's unwarranted delay of more than a year in filing her federal civil rights claim after filing a tort action in state court was neither reasonable nor in good faith).

The district court properly dismissed Easley's state law claims because Easley failed to timely present them before filing suit as required by the California Government Claims Act. *See* Cal. Gov't Code §§ 911.2(a), 945.4, 950.2; *Shirk v. Vista Unified Sch. Dist.*, 164 P.3d 630, 634 (Cal. 2007) (timely claims presentation is a condition precedent to, and an element of, any claim against a public entity or its employees). Denial of further leave to amend these claims was not an abuse of

11-15608

discretion because it was clear that Easley could not plead such compliance. *See*

*Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir. 2009) (no abuse of discretion

in denying leave to amend where the amendment would be futile).

Easley's remaining contentions, including with respect to the doctrines of

substantial compliance, waiver, and estoppel, are unpersuasive.

**AFFIRMED.**