**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGEI PORTNOY, | No. 13-17321 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00314-JAM-KJN |
| v. | |
| COUNTY OF YOLO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 13, 2015[**]

Before: LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Sergei Portnoy appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law violations arising from

his detention in county jail. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's dismissal. *See Knievel v. ESPN*, 393 F.3d 1068,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1072 (9th Cir. 2005) (Rule 12(b)(6)); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005) (§ 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Portnoy's state law claims because Portnoy failed to comply with the California Tort Claims Act. *See* Cal. Gov't Code § 945.4 (claims presentment is necessary before suing public entities); *id.* § 950.2 (if action against public entity is barred under the chapter beginning with § 945, action against public employee is also barred); *see also Shirk v. Vista Unified Sch. Dist.* 164 P.3d 630, 634 (Cal. 2007) (timely claims presentation is a condition precedent to, and an element of, any claim against a public entity or its employees).

The district court properly dismissed Portnoy's Fourth Amendment claim related to his arrest, because the issues had been previously litigated by Portnoy and were necessary to the prior summary judgment. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (requirements for collateral estoppel).

The district court properly dismissed Portnoy's Fourth Amendment claim related to his probable cause determination, because the defendants were entitled to qualified immunity based on a reasonable belief that a judge had made a positive finding of probable cause within 48 hours of arrest. *See Pearson v. Callahan*, 555

U.S. 223, 231 (2009) (reasonable mistakes of law or fact protected by qualified immunity); *see also County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (concluding judicial determination of probable cause within 48 hours of a warrantless arrest is necessary).

The district court properly dismissed Portnoy's Fourth Amendment claim challenging the timeliness of his release, because he failed to allege that any delay was caused by deliberate indifference or anything other than administrative procedures. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1194, 1202 (9th Cir. 2003) (no constitutional violation where 39-hour delay in releasing the arrestee after a court order was attributable to administrative procedures); *Berry v. Baca*, 379 F.3d 764, 767-69 (9th Cir. 2004) (plaintiff may argue deliberate indifference in implementation of administrative procedures).

The district court properly dismissed Portnoy's Fourteenth Amendment claim because the defendants' conduct did not shock the conscience in light of Portnoy's valid arrest. *See Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (standard for familial relations claim under Fourteenth Amendment).

The district court properly dismissed Portnoy's claims as to the City of Woodland and the County of Yolo because he failed to demonstrate that the government had a deliberate policy, custom, or practice that was the moving force

behind the alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

**AFFIRMED.**