Filed 6/23/21  Doe v. El Dorado Union High School District CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| JANE DOE et al., | C089531 |
| Plaintiffs and Appellants, | (Super. Ct. Nos. PC20180052, PC20180077) |
| v. | |
| EL DORADO UNION HIGH SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

Appellants are two former students of the El Dorado Union High School District (the District) who allege they were sexually assaulted by one of the District's former teachers.  After they sued the District for sexual harassment and negligence, the District filed a motion for judgment on the pleadings.  It argued that, under the District's claim-presentation regulation, parties seeking to sue the District first need to present a timely written claim to the District describing the nature of their claim and the monetary relief they seek.  But because, the District went on, appellants failed to present the required

1

written claim within six months of their being sexually assaulted, as required in the District's regulation, their suit is now forever barred. The trial court agreed.

We reverse the court's judgment. Much in the law has changed since the court issued its decision. Most relevant here, in a 2019 amendment to Code of Civil Procedure section 340.1, the California Legislature provided that a claim for childhood sexual assault "that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable . . . claim presentation deadline. . . had expired, is revived, and these claims may be commenced within three years of January 1, 2020" and potentially even later. Because this law revives appellants' claims here, even if they were previously barred by the District's claim-presentation regulation, we reverse.

BACKGROUND

Because this case comes to us following a judgment on the pleadings, we assume the truth of all properly pleaded material allegations in appellants' complaints. (See *People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)

According to the two complaints in this case, Jane Doe and Jane Roe[1] are both former students of the District who, when between 16- and 17-years old, were sexually assaulted by Daniel Mummy, a former teacher at the District. Over several months in 2016 and 2017, and during class hours, Mummy repeatedly hugged Doe and Roe, grabbed their breasts and buttocks, caressed their backs, and made sexual advances toward the two students. He continued this conduct until he was arrested after another student contacted the police. Mummy was afterward "charged with seven different misdemeanor []counts of molesting children and a serious felony charge of sexual battery by a person of authority."

---

[1] Both Doe and Roe are referred to as Jane Doe in their respective complaints. But for clarity, we refer to one as Jane Doe and the other as Jane Roe.

Before Mummy began assaulting Doe and Roe, the complaints alleged, the District "knew, or reasonably should have known, that Mummy had previously engaged in unlawful sexually-related conduct with minors at schools" in the District. But rather than take steps to prevent further sexual abuse of children, the District instead "ignored and/or actively concealed the sexual harassment and abuse . . . that had already occurred."

Based on this conduct, Doe and Roe both separately sued the District in 2018 for sexual harassment and various counts of negligence. On the District's motion, the two suits were later consolidated.

Several months after appellants filed their suits, the District filed a motion for judgment on the pleadings, arguing that appellants needed to present their claims to the District in writing before filing suit in court—something they had never done. The District reasoned that, as allowed under the Government Claims Act (the Act; Gov. Code,[2] § 810 et seq.), it had passed a regulation requiring those who seek money or damages against the District for any injury to present their claims to the District "no later than 6 months after the accrual of the cause of action." And, it argued, because appellants had not complied with this process and no longer could comply with this process given the passage of time, both their complaints failed as a matter of law.

The trial court agreed. It thus dismissed appellants' claims without leave to amend.

Appellants timely appealed.

---

[2] Undesignated statutory references are to the Government Code.

3

DISCUSSION

I

*Legal Background*

"Enacted in 1963, the Government Claims Act . . . is a comprehensive statutory scheme governing the liabilities and immunities of public entities and public employees for torts." (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 803.) It describes the circumstances when a public entity may be liable for injuries (§ 815) and, relevant here, it describes the procedures for bringing claims against public entities (§§ 900-935.9).

In general, the Act requires parties seeking money or damages against a local public entity, like a public school district, to present their claims to the entity before filing suit. (§ 905; see also § 900.4 [defining "[l]ocal public entity"].) And it requires these parties to present their claims promptly—"not later than six months after the accrual of the cause of action" for "claim[s] relating to a cause of action for . . . injury." (§ 911.2.) This prefiling presentation requirement is intended " 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.' [Citation.]" (*McWilliams v. City of Long Beach* (2013) 56 Cal.4th 613, 619.)

But not all types of claims are subject to this requirement. Section 905 generally requires compliance with the Act's claim-presentation requirement for "all claims for money or damages against local public entities," but it then lists 15 categories of claims that are exempt from this requirement. One of those exemptions is for "[c]laims made pursuant to Section 340.1 of the Code of Civil Procedure for the recovery of damages suffered as a result of childhood sexual assault." (§ 905, subd. (m).) Code of Civil Procedure section 340.1, as relevant for our purposes, describes "the time for commencement of" an "action for recovery of damages suffered as a result of childhood sexual assault." (Code Civ. Proc., § 340.1, subd. (a).) During the time of the alleged

4

conduct here, it provided: "In an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later. . . ." (Sen. Bill No. 1779 (2002-2003 Reg. Sess.) Stats. 2002, ch. 149, § 1.)

The Legislature added this exception for childhood sexual assault in the wake of the California Supreme Court's decision in *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201. The court there found that monetary claims for " 'injury to person,' " including those relating to childhood sexual molestation, were subject to the Act prefiling presentation requirements and so needed to be presented to the relevant governmental body within six months of the accrual of the cause of action. (*Id.* at pp. 208-210.) But following the decision, after commenters said requiring sexual assault victims to present their claims within six months of being abused was too short a period, the Legislature enacted section 905, subdivision (m) to exempt childhood sexual assault from the Act's claim-presentation requirement. (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 640 (2007-2008 Reg. Sess.) as amended June 9, 2008, p. 1.) According to two bill analyses concerning this enactment, the "bill [wa]s intended to address the *Shirk* decision by expressly providing that childhood sexual abuse actions against public entities are exempted from government tort claims requirements and the six-month notice requirement." (*Id.* at p. 2; Sen. Rules Com., Analysis of Sen. Bill No. 640 (2007-2008 Reg. Sess.) as amended July 14, 2008, p. 2.)

But although the Legislature may have sought to exempt childhood sexual abuse actions from the Act's six-month notice requirement, many local governments favored retaining a prefiling notice requirement for these types of actions. And so, to maintain it, many of these local governments afterward enacted their own prefiling notice

5

requirements. They purported to do so under section 935 of the Act, which, relevant here, provides: "Claims against a local public entity for money or damages which are excepted by Section 905 from [the Act's claim-presentation requirement], and which are not governed by any other statutes or regulations expressly relating thereto, shall be governed by the procedure prescribed in any charter, ordinance, or regulation adopted by the local public entity." (§ 935, subd. (a).) In the view of these local governments, because childhood sexual assault claims were now "excepted by Section 905 from [the Act's claim-presentation requirement]" and "are not governed by any other [claim-presentation] statutes or regulations," local public entities now had authority under section 935 to establish their own procedures governing these types of claims.

After learning of this practice, the Legislature added in 2018 a new subdivision to section 935 to clarify that it does not authorize local governments to adopt claim-presentation requirements for "claims of childhood sexual abuse made as described in subdivision (m) of Section 905. This subdivision is declaratory of existing law." (§ 935, subd. (f); Sen. Bill No. 1053 (2017-2018 Reg. Sess.) Stats. 2018, ch. 153, § 1.) According to several bill analyses for the amendment, although the Legislature enacted section 905, subdivision (m) to do away with any prefiling notice requirement for childhood sexual assault claims, "numerous public entities, including school districts, have been using another statute, Section 935 of the Government Code, to circumvent and undermine . . . Section 905(m). . . . This bill explicitly prohibits this practice and effectuates the intent of the Legislature in enacting [section 905(m)]. . . ." (Sen. Rules Com., Analysis of Sen. Bill No. 1053 (2017-2018 Reg. Sess.) as amended May 24, 2018, p. 4; see also Assem. Com. on Judiciary, Analysis of Sen. Bill No. 1053 (2017-2018 Reg. Sess.) as amended May 24, 2017, p. 5.)

In 2019, the Legislature also amended Code of Civil Procedure section 340.1 to revive certain claims that would otherwise have been barred because of an applicable claim-presentation deadline. The amendment applies to three types of childhood sexual

6

assault actions: (1) "[a]n action against any person for committing an act of childhood sexual assault," (2) "[a]n action for liability against any person or entity who owed a duty of care to the plaintiff, if a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff," and (3) "[a]n action for liability against any person or entity if an intentional act by that person or entity was a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff." For these three types of actions, the amendment provides: "Notwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, . . . that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and these claims may be commenced within three years of January 1, 2020. A plaintiff shall have the later of the three-year time period under this subdivision or the time period under subdivision (a) as amended by the act that added this subdivision." The referenced subdivision (a), in turn, adds that "the time for commencement of the action shall be within 22 years of the date the plaintiff attains the age of majority or within five years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual assault, whichever period expires later. . . ." (Code Civ. Proc., § 340.1, subds. (a), (q); Assem. Bill No. 218 (2019-2020 Reg. Sess.) Stats. 2019, ch. 861, § 1.)

II

*Appellants' Claims*

Appellants raise two principal arguments in their opening brief. First, they contend the District never had authority to impose a claim-presentation requirement for childhood sexual assault claims. The District, they note, argued it had authority to impose this requirement under section 935—which, again, authorizes local public entities to establish their own requirements for claims "which are excepted by Section 905 from

7

[the Act's claim-presentation requirement], and which are not governed by any other statutes or regulations expressly relating thereto." (§ 935, subd. (a).) In appellants' view, however, section 935 lends them no support because childhood sexual assault claims *are* "governed by" another statute—namely, Code of Civil Procedure section 340.1. Second, appellants argue that, in any event, the 2018 amendment to section 935—which explicitly prohibits local governments from adopting claim-presentation requirements for childhood sexual abuse claims—applies retroactively and bars the District from enforcing their claim-presentation requirement in this case.[3]

In their reply brief, following the Legislature's 2019 amendment to Code of Civil Procedure section 340.1, appellants offer a third argument. Regardless of their other arguments, appellants say, this amendment alone "unequivocally" revives their childhood sexual assault claims.

We agree with this last argument. Under the current version of Code of Civil Procedure section 340.1, again, a claim of childhood sexual assault "that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable . . . claim presentation deadline. . . had expired, is revived, and these claims may be commenced within three years of January 1, 2020," and potentially even later.

---

[3] The District contests both arguments. First, it asserts that appellants are wrong to say that childhood sexual assault are, within the meaning of section 905, "governed by" Code of Civil Procedure section 340.1. The language "not governed by any other statutes or regulations expressly relating thereto" in section 905, the District maintains, refers to statutes or regulations "expressly relating" to claims procedures, and Code of Civil Procedure section 340.1 establishes a statute of limitations, not a claims procedure. Second, the District argues, the 2018 amendment to section 935 does not apply retroactively. Statutes, it asserts, are presumed to operate prospectively only, and even though the 2018 amendment purported to be "declaratory of existing law," that was not enough to overcome the strong presumption against retroactivity. (See *McClung v. Employment Development Dept.* (2004) 34 Cal.4th 467, 476 [statutory amendment that said its provisions were merely "declaratory of existing law" did not overcome the presumption against retroactivity].)

(Code Civ. Proc., § 340.1, subds. (a), (q).) To the extent appellants' claims were ever barred at all, this language plainly revives them. Appellants' childhood sexual assault claims against the District were never "litigated to finality" and were (in the view of the trial court, at least) "barred as of January 1, 2020, because the applicable . . . claim presentation deadline. . . had expired." Under the plain language of Code of Civil Procedure section 340.1, appellants' claims are "revived" (to the extent they were ever barred) and may now be pursued in court. (Code Civ. Proc., § 340.1, subd. (q); see also *id.*, subds. (a), (r); § 935, subd. (f).)

Our conclusion in this regard mirrors that in *Coats v. New Haven Unified School District* (2020) 46 Cal.App.5th 415. There too, the appellants sued a school district alleging childhood sexual abuse by one of the school's teachers. (*Id.* at p. 418.) There too, the trial court dismissed the appellants' claim because they failed to comply with the school district's claim-presentation requirement. (*Id.* at pp. 418-419.) And there too, the Court of Appeal reversed based on the 2019 amendment to Code of Civil Procedure section 340.1. According to the court, "[i]n the face of a revival provision expressly and unequivocally encompassing claims of childhood sexual abuse previously barred for failure to present a timely government claim, it is clear we must reverse the trial court's judgment and remand for further proceedings on appellants' complaint." (*Coats,* at pp. 430-431.) We find likewise here.

9

## DISPOSITION

The judgment is reversed.  Appellants are entitled to recover their costs on appeal.
(Cal. Rules of Court, rule 8.278(a).)

       /s/                
BLEASE, Acting P. J.

We concur:

      /s/             
HULL, J.

      /s/             
HOCH, J.