Filed 7/31/25; Certified for Publication 8/27/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| O.B., | B339555 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV05971) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Kralik, Judge. Reversed and remanded with directions.

Herman Law and Allegra P. Rineer for Plaintiff and Appellant.

Artiano Shinoff, Paul V. Carelli IV, and Jeffrey P. Wade for Defendant and Respondent.

_____

Assembly Bill 218 (AB 218) does not violate the gift clause of the California Constitution by retroactively eliminating the Government Claims Act's claims presentation requirement for childhood sexual assault claims against public entities. Because a contrary conclusion led the trial court to grant respondent Los Angeles Unified School District's motion for judgment on the pleadings and dismiss appellant O.B.'s operative complaint, we reverse and remand with directions to deny the motion.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    *O.B. Files a Complaint*

In February 2021, O.B. filed a complaint against LAUSD, which she amended in September 2021. The amended complaint alleged that, starting in 2003, "while in eighth grade at Mount Gleason Middle School, [O.B.] was sexually assaulted repeatedly by a teacher at the school," whom the school employed. The alleged abuse continued after O.B. "matriculated to high school through age sixteen." O.B. claimed the teacher's "reputation for abusing minors was common knowledge within the school" and, on information and belief, alleged LAUSD knew or suspected the teacher was abusing minors, including O.B. Nevertheless, the teacher "retained his position with [LAUSD]."

Based on these allegations, O.B. brought causes of action for negligence and for negligent hiring, retention, and supervision. O.B. also alleged that "[t]his action alleges liability against [LAUSD] pursuant to California Government Code §§ 815.2, 815.4, and/or 815.6" and that "[p]ursuant to California

---

[1] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

Government Code § 905, this action, brought pursuant to CCP § 340.1, is exempt from the claims presentment requirement set forth in the California Government Tort Claims Act."

**B.** *The Court Grants LAUSD's Motion for Judgment on the Pleadings and Dismisses the Complaint*

In March 2024, LAUSD moved for judgment on the pleadings, arguing O.B. was only able to state a claim because of the Legislature's passage of AB 218, but AB 218 "violates the gift clause of the California Constitution" because it sought to "impose liability on a public entity for a past act of negligence where no enforceable claim existed."[2]

---

[2] LAUSD also argued "the retroactive application of AB 218 through the 2019 Amendment of C.C.P. 340.1 violates the due process clause as applied to LAUSD." As LAUSD recognizes on appeal, "that argument is not at issue on appeal, and the trial court did not consider it anyway[]." In its order granting LAUSD's motion, the trial court noted that LAUSD "does not support this argument fully in its memorandum of points and authorities" and added that "California courts have not found any due process limitation on revival of previously barred claims." The court stated it would not "rely" on this argument.

In any case, there is a "well-established rule that subordinate political entities, as 'creatures' of the state, may not challenge state action as violating the entities' rights under the due process or equal protection clauses of the Fourteenth Amendment or under the contract clause of the federal Constitution." (*Star-Kist Foods, Inc. v. County of Los Angeles* (1986) 42 Cal.3d 1, 6.) " 'The same reasoning applies to the due process protections afforded under the California Constitution.' " (*City of Burbank v. Burbank-Glendale-Pasadena Airport*
*(Fn. is continued on the next page.)*

3

O.B. opposed the motion, arguing "an appropriation of public funds that benefits particular individuals does not violate [the gift clause] if it is found that the funds are to be used for a 'public purpose.' "[3] LAUSD filed a reply, reiterating its points and arguing that AB 218 served no public purpose.

In April 2024, the trial court granted LAUSD's motion, finding our Supreme Court made clear the gift clause "applies to the recognition of previously invalid claims," and that "a retroactive acknowledgment of liability would trigger the gift clause." The court determined that AB 218 "retroactively created liability against public entities for failing to prevent past instances of sexual abuse," and "required the retroactive acknowledgment of a legal claim against school districts that did not previously exist." The court concluded that the "creation of liability for public school districts like Defendant where none existed before is an unconstitutional violation of the gift clause." The court also rejected O.B.'s argument that the funds served a public purpose. The court dismissed the case with prejudice, and O.B. timely appealed.

---

*Authority* (1999) 72 Cal.App.4th 366, 380.) " 'A public school district is a political subdivision of the State of California.' " (*K.M. v. Grossmont Union High School Dist.* (2022) 84 Cal.App.5th 717, 752.)

[3] (*County of Los Angeles v. La Fuente* (1942) 20 Cal.2d 870, 876–877 ["In determining whether an appropriation of public money is to be considered a gift within the constitutional prohibition, the primary question is whether the funds are to be used for a public or a private purpose. If the money is for a public purpose, the appropriation is not a gift even though private persons are benefited by the expenditure"].)

## DISCUSSION

O.B. contends the trial court erred in granting LAUSD's motion for judgment on the pleadings because it incorrectly determined both that AB 218 violated the gift clause of the California Constitution and that it served no public purpose. "We review such questions of law and constitutional interpretation de novo." (*Valley Baptist Church v. City of San Rafael* (2021) 61 Cal.App.5th 401, 410.) Because we conclude AB 218 does not violate the gift clause, we need not consider whether it serves a public purpose.

### A. *Relevant Statutes and Legal Principles*

#### 1. **Assembly Bill 218**

At the beginning of 2019, Code of Civil Procedure section 340.1 required a childhood sexual abuse claim be brought "within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later." (Former Code Civ. Proc., § 340.1, subd. (a).) This limitations period applied to "[a]n action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff." (*Id.* at subd. (a)(2).)

Additionally, while claims against public entities must generally be presented to the entity before filing a complaint,[4] the

---

[4] (Gov. Code, § 911.2, subd. (a) ["A claim relating to a cause of action . . . for injury to person . . . shall be presented as

*(Fn. is continued on the next page.)*

5

Government Claims Act exempted from this requirement childhood sexual abuse claims that occurred in 2009 or later. (Former Gov. Code, § 905 ["There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) all claims for money or damages against local public entities except any of the following: [¶] . . . [¶] (m) Claims made pursuant to Section 340.1 of the Code of Civil Procedure for the recovery of damages suffered as a result of childhood sexual abuse. This subdivision shall apply only to claims arising out of conduct occurring on or after January 1, 2009"].)

     In 2019, the Legislature enacted AB 218, effective January 1, 2020. (Stats. 2019, ch. 861.) Among other changes, AB 218 amended Code of Civil Procedure section 340.1, subdivision (q) to read: "Notwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, of subdivision (a) that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and these claims may be commenced within three years of January 1, 2020. A plaintiff shall have the later of the three-year time period under

---

provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action"]; *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208 ["Before suing a public entity, the plaintiff must present a timely written claim for damages to the entity"].)

this subdivision or the time period under subdivision (a) as amended by the act that added this subdivision."[5]  AB 218 also amended Government Code section 905, subdivision (m), to delete the last sentence (applying the subdivision only to claims arising out of conduct occurring in 2009 or later) and to add subdivision (p), which reads:  "The changes made to this section by the act that added this subdivision are retroactive and apply to any action commenced on or after the date of enactment of that act, and to any action filed before the date of enactment and still pending on that date, including any action or causes of action

---

[5] AB 218 amended Code of Civil Procedure section 340.1, subdivision (a) to change the reference from "childhood sexual abuse" to "childhood sexual assault" and to require an action for childhood sexual assault be brought "within 22 years of the date the plaintiff attains the age of majority or within five years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual assault, whichever period expires later."  (Stats. 2019, ch. 861, § 1.)

"Effective January 1, 2024, the Legislature enacted [Code of Civil Procedure] section 340.11, which now governs claims for childhood sexual assault that occurred before January 1, 2024.  (Stats. 2023, ch. 877, § 1, eff. Jan. 1, 2024.)  The revival provision at issue in the present case is currently located in section 340.11, subdivision (q).  The current version of [Code of Civil Procedure] section 340.1 applies to any claim in which the childhood sexual assault occurred on or after January 1, 2024.  ([Code Civ. Proc.,] § 340.1, subd. (p).)  Nevertheless, the discussion of section 340.1 in the caselaw is also relevant to section 340.11."  (*West Contra Costa Unified School Dist. v. Superior Court* (2024) 103 Cal.App.5th 1243, 1253, fn. 4, review den. Oct. 30, 2024, S286798 (*West Contra Costa*).)

that would have been barred by the laws in effect before the date of enactment."

In short, the changes made by AB 218 allowed O.B. to bring her claims against LAUSD even though the acts alleged occurred before 2009, and O.B. did not present a timely claim under the timelines set forth in Government Code section 911.2.

### 2. The Gift Clause of the California Constitution

Article XVI, section 6 of the California Constitution provides that "The Legislature shall have no power . . . to make any gift or authorize the making of any gift, of any public money or thing of value to any individual."  "The 'gift' which the legislature is prohibited from making is not limited to a mere voluntary transfer of personal property without consideration." (*Conlin v. Board of Supervisors* (1893) 99 Cal. 17, 21.)  Instead, "the term, as used in the constitution, includes all appropriations of public money for which there is no authority or enforcible [*sic*] claim, or which rest upon some moral or equitable obligation, which in the mind of a generous or even a just individual, dealing with his own moneys, might prompt him to recognize as worthy of some reward. . . .  An appropriation of money by the legislature for the relief of one who has no legal claim therefor must be regarded as a gift." (*Id.* at pp. 21–22.)  The Legislature cannot "create a liability against the state for any past acts of negligence on the part of its officers, agents or employees" because to do so "would, in effect, be the making of a gift." (*Heron v. Riley* (1930) 209 Cal. 507, 517.)

8

### 3. LAUSD's Liability for Sexual Assault

Government Code section 905.8 provides: "Nothing in this part [including section 911.2] imposes liability upon a public entity unless such liability otherwise exists." In 1963, the Legislature enacted Government Code section 815.2, subdivision (a), which reads: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." This statute was still active when the events alleged in O.B.'s complaint occurred.

"If a teacher sexually abuses a student, the school district that employs the teacher is not liable for the teacher's conduct under [Government Code] section 815.2(a) because such conduct is not within the scope of employment." (*A.H. v. Tamalpais Union High School Dist.* (2024) 105 Cal.App.5th 340, 350.) However, "the same school district may be held liable if its supervisory employees were negligent in hiring and supervising the abusive teacher and that negligence resulted in the student's harm." (*Ibid.*; see also *C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 875 [allegations that "the [School] District's administrators and employees knew or should have known of [the head guidance counselor]'s dangerous propensities, but nevertheless hired, retained and failed to properly supervise her . . . could make the District liable under a vicarious liability theory encompassed by [Government Code] section 815.2"]; *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 453, 441 ["plaintiffs free to pursue only their claims against the district premised on its own direct negligence in

9

hiring and supervising the teacher" who allegedly sexually molested the student].)

In other words, when the acts complained of in O.B.'s operative complaint occurred, LAUSD could have been substantively liable to her under Government Code section 815.2 for negligence and negligent hiring, retention, and supervision.

## B. *The Elimination of the Presentation Requirement Does Not Violate the Gift Clause*

The trial court found AB 218 violated the gift clause because it "required the retroactive acknowledgment of a legal claim against school districts that did not previously exist." We disagree with the trial court's framing of the issue. Like our colleagues in the First District, we conclude "the crucial consideration is whether the Legislature has created new substantive liability, or, instead, has simply removed an obstacle to recovery imposed by the state as a condition of its consent to suit that is not an aspect of the underlying substantive liability." (*West Contra Costa*, *supra*, 103 Cal.App.5th at p. 1263.)

### 1. The *Chapman* Decision

As did *West Contra Costa*, we find instructive our Supreme Court's case of *Chapman v. State* (1894) 104 Cal. 690 (*Chapman*). (See *West Contra Costa*, *supra*, 103 Cal.App.5th at pp. 1257–1259.) In *Chapman*, plaintiff's assignors paid the State of California to store coal on a San Francisco wharf in August 1891. (*Chapman*, at p. 692.) A large part of the wharf gave way " 'by reason of the negligence, omission, and carelessness of defendant, its officers, and agents, . . . . in failing and neglecting to keep said wharf in good and sound condition and repair'; and all the coal of plaintiff's assignors then on the wharf was sunk in the bay of San

Francisco." (*Ibid.*)  The state board of examiners rejected a claim for the damages sustained.  (*Ibid.*)

In February 1893, the Legislature enacted a statute providing that " 'All persons who have, or shall hereafter have, claims on contract or for negligence against the state, not allowed by the state board of examiners, are hereby authorized, on the terms and conditions herein contained, to bring suit thereon against the state in any of the courts of this state of competent jurisdiction, and prosecute the same to final judgment.' " (*Chapman*, *supra*, 104 Cal. at p. 693.)  The plaintiff asserted this new statute permitted him to sue the state.  (*Ibid.*)  The state disagreed, arguing that "at the time when the coal belonging to the assignors of the plaintiff was lost, the state was not liable for the damage occasioned by said loss, and growing out of the alleged negligence of its officers in charge of the wharf mentioned in the complaint; and that the act should not be construed as intended to create any liability against the state for such past negligence." (*Ibid.*)

Our Supreme Court acknowledged that because of the gift clause, "the legislature has no power to *create* a liability against the state for any such past act of negligence upon the part of its officers." (*Chapman*, *supra*, 104 Cal. at p. 693.)  Nonetheless, the high court concluded the plaintiff's claim was contract-based and therefore could still be prosecuted because "the liability of the state accrued at the time of its breach; that is, when the coal was lost through the negligence of the officers in charge of the state's wharf." (*Id.* at p. 696.)  This was true even though "there was then no law giving to the plaintiff's assignors the right to sue the

11

state therefor." (*Ibid.*)[6]  However, because "the right to sue the state has since been given by the act of February 28, 1893, and in so far as that act gives the right to sue the state upon its contracts, the legislature did not create any liability or cause of action against the state where none existed before.  The state was always liable upon its contracts, and the act just referred to merely gave an additional remedy for the enforcement of such liability, and it is not, even as applied to prior contracts, in conflict with any provision of the constitution." (*Ibid.*)

LAUSD agrees that *Chapman* has a "central role" in determining the issue before us but insists that "*Chapman's* negligence, not contract, analysis applies to AB 218's retroactive elimination of the claims-presentation requirement."  We disagree.  What LAUSD terms *Chapman*'s "negligence . . . analysis" is simply our high court's recognition that the Legislature could not retroactively create substantive liability for the state's negligence if none previously existed.  We do not hold otherwise in this opinion.  We find *Chapman*'s "contract . . . analysis" more relevant—that, because the state had already been liable to the plaintiff's assignors for breach of contract when the wharf collapsed, the Legislature did not violate the gift clause by giving the plaintiff a right to sue the state to enforce that liability, even though the plaintiff's assignors could not have sued the state at the time the collapse occurred.  In other words, the significance of *Chapman* is not whether the

---

[6] "At that time the only remedy given the citizen to enforce the contract liabilities of the state, was to present the claim arising thereon to the state board of examiners for allowance, or to appeal to the legislature for an appropriation to pay the same." (*Chapman, supra,* 104 Cal. at p. 696.)

12

state's liability to the plaintiff's assignors sounded in negligence or contract; the significance is that the liability sued upon existed before the Legislature's act giving the plaintiff the right to sue to enforce the liability.

Similarly, as discussed above, Government Code section 815.2, subdivision (a), governing public entity liability, was enacted in 1963. Thus, when the Legislature enacted AB 218, LAUSD had already been substantively liable to O.B. for any alleged negligence or negligent hiring, supervision, or retention of the teacher who allegedly assaulted O.B. Therefore, like the February 1893 act considered in *Chapman*, AB 218 also created no new substantive liability. Instead, it gave O.B. the right to sue to enforce a pre-existing liability.

## 2. LAUSD's Arguments to the Contrary Are Unpersuasive

Citing *State of California v. Superior Court* (2004) 32 Cal.4th 1234, *Shirk v. Vista Unified School Dist.*, *supra*, 42 Cal.4th 201, and *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, LAUSD argues that "[w]hether or not the Legislature created liability where none previously existed or simply revived a previously existing claim hinges on a distinction between claims presentation requirements, which have been held to be a substantive element of a plaintiff's claim [citation], and statutes of limitation, the excusing of which is permitted." These cases do not support LAUSD's argument.

In *State of California v. Superior Court*, our Supreme Court considered "whether failure to allege facts demonstrating or excusing compliance with this claim presentation requirement subjects a complaint to a general demurrer." (*State of California v. Superior Court*, *supra*, 32 Cal.4th at p. 1237.) The Court noted

13

its previous pronouncements holding the requirement to be a "condition precedent" to maintaining an action against a public entity and concluded that compliance with the requirement was therefore a " 'state substantive limitation[] couched in procedural language' " and "an element of a cause of action against a public entity." (*Id.* at pp. 1240, 1244.)

Similarly, in *Shirk v. Vista Unified School Dist.*, the high court reiterated that "[t]imely claim presentation is not merely a procedural requirement, but is, as this court long ago concluded, ' " 'a condition precedent to plaintiff's maintaining an action against defendant' " ' [citation], and thus an element of the plaintiff's cause of action." (*Shirk v. Vista Unified School Dist.*, *supra*, 42 Cal.4th at p. 209.) And in *Del Real v. City of Riverside*, in affirming a grant of summary judgment in favor of the city, the appellate court stated that "[t]he filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail." (*Del Real v. City of Riverside*, *supra*, 95 Cal.App.4th at p. 767.)

While all of these cases held that compliance with the claim presentation requirement was a condition precedent to maintaining an action against a public entity—and thus an element the plaintiff was required to allege and prove—none of these cases discussed whether such an element was an element of the public entity's substantive liability. We conclude it is not. As explained in *West Contra Costa*:

"Government Code section 905.8 states, 'Nothing in this part imposes liability upon a public entity unless such liability otherwise exists.' The associated California Law Revision Commission comment explains that this section 'makes clear that

14

the claims presentation provisions do not impose substantive liability; some other statute must be found that imposes liability.' [Citations.] Thus the question of the District's 'substantive liability' is determined by reference to statutes *outside* the claim presentation requirement. At the time of the alleged sexual misconduct (and today), Government Code section 820, subdivision (a) provided that 'a public employee is liable for injury caused by his act or omission to the same extent as a private person,' and Government Code section 815.2, subdivision (a) provided that 'A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.' [Citations.] The District does not dispute that those statutes impose liability for the type of conduct alleged in the present case." (*West Contra Costa*, *supra*, 103 Cal.App.5th at p. 1260, fn. omitted.)

Indeed, our Supreme Court has stated that " ' "[g]enerally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' " ' " (*Rubenstein v. Doe No. 1* (2017) 3 Cal.5th 903, 911.) Under the argument advanced by LAUSD—that claim presentation is one such element—a cause of action against a public entity for childhood sexual assault would not accrue until the plaintiff presented the claim to that entity. But logically, as O.B. points out, a claim can only be presented where substantive liability already exists. Moreover, our Supreme Court has also explained that "[g]enerally, a cause of action for childhood sexual molestation accrues at the time of molestation." (*Shirk v. Vista Unified*

15

*School Dist.*, *supra*, 42 Cal.4th at p. 210.) As is self-evident, no government claims have been presented at the time of molestation. Thus, while a plaintiff may be required to plead and prove compliance with the claim presentation requirement when applicable, it is not an element of a public entity's substantive liability.[7]

---

[7] None of LAUSD's other citations hold differently. (See *Heron v. Riley*, *supra*, 209 Cal. at p. 517 [stating general rule that legislature may not "create a liability against the state for any past acts of negligence on the part of its officers, agents or employees"]; *Bourn v. Hart* (1892) 93 Cal. 321, 327 [state statute enacted to pay $10,000 to a specific individual who had lost his right arm while working for the state violated gift clause because "the state was under no legal liability to compensate him for any loss which he may have sustained while thus in the discharge of his duties"]; *id.* at p. 328 ["A legislative appropriation made to an individual in payment of a claim for damages on account of personal injuries sustained by him while in its service, *and for which the state is not responsible*, either upon general principles of law or by reason of some previous statute creating such liability, is a gift within the meaning of the constitution"], italics added; *Conlin v. Board of Supervisors*, *supra*, 99 Cal. at p. 23 [when contract under which plaintiff did work for City and County of San Francisco contained "an express condition that in no case would the city and county of San Francisco be liable for any portion of the expense of the said work or improvement," Legislature's passage of act directing San Francisco to pay plaintiff "can be regarded in no other light than as a simple gift"]; *Powell v. Phelan* (1903) 138 Cal. 271, 273–274 [law retroactively authorizing payments to jurors who already served violated gift clause because "[i]t is for the purpose of giving to certain jurors, who have served in criminal cases since March 28, 1895, money to which they were not entitled under the law"].)

Because AB 218 did not create a new substantive liability, its revival of previously barred causes of action based on this liability did not violate the gift clause. Therefore, the court erred in granting LAUSD's motion for judgment on the pleadings.

## DISPOSITION

The trial court's order granting LAUSD's motion for judgment on the pleadings and dismissing the case with prejudice is reversed. On remand, the court is directed to enter an order denying the motion. O.B. is awarded her costs on appeal.

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

17

Filed 8/27/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| O.B.,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | B339555<br><br>(Los Angeles County Super. Ct. No. 21STCV05971)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

    The opinion filed in the above-entitled matter on July 31, 2025, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

    There is no change in the judgment.

_____

ROTHSCHILD, P. J.      WEINGART, J.      M. KIM, J.